39974, 40005.   SWANSON v. CHOATE; and vice versa.

CARLISLE, Presiding Judge.   The plaintiff in the instant case claims damages against the defendant by reason of injuries resulting from a fall when her foot caught in a door mat on the defendant's premises.   The door mat was made of rubber strips alternately placed with a wire running through the ends where the strips join and at each end of the mat the strips were separated by small rubber inserts.   An open space through the mat was left between the strips measuring approximately one-half inch in width, one and one-half inch in length, and one-fourth inch in depth.   The evidence showed that plaintiff's heel, which measured three-fourths inch in width, caught in the rubber mat causing her to fall, but does not disclose how it was caught.   The evidence also disclosed that there were numerous mats of this same type in the community; that plaintiff had a similar mat, and was familiar with it, and that no one had ever caught her heel in any of the mats in the community insofar as any of the witnesses knew or had heard.   The plaintiff testified that she had handled the mat at her house which was identical to the mat on which she fell, except for its color, and that she knew of the presence of the mat on the defendant's premises and had walked across it a number of times previously and at the time of her injury knew it was there and looked at it before she stepped on it and did not see anything wrong with it.   One of the witnesses testified that: "Looking at that mat and looking at these shoes, and having heard the plaintiff testify that her heel became lodged in this mat like that (indicating), as to whether or not I see how that could reasonably happen; well, yes, I see how it could happen."   The defendant, himself, testified that, "As to whether or not it would have been possible for the heel of this shoe to have become lodged, whether or not I think that is a reasonable thing for the heel of a shoe, knowing how much pressure the heel of a shoe puts down; well, I think it is possible but very unprobable [sic].   As to whether or not it certainly could happen; well, it could happen.   As to whether or not I could anticipate too that that would happen; well, no, I wouldn't think that I would anticipate that that would happen, I wouldn't think it would happen.   No.   I would not think it would happen.   As to whether or not, in other words, what I am saying, that it is just a slight possibility; well, I

am saying that it could happen. By looking at that mat I say that that could have happened." The mat, plaintiff's shoes and pictures of the mat were in evidence and with the jury in their deliberations. The jury returned a verdict for the plaintiff. The trial judge sustained a motion for judgment notwithstanding the verdict under *Code Ann.* § 110-113 and overruled the defendant's motion for a new trial. Plaintiff brings the case to this court upon bill of exceptions to the grant of the judgment for defendant notwithstanding the verdict for the plaintiff, and the defendant, by cross-bill of exceptions, complains of the overruling of his motion for a new trial.

1. Where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches *safe. Code* § 105-401; *Atlanta Cotton-Seed Oil Mills v. Coffey,* 80 Ga. 145 (4 SE 759, 12 ASR 244). "The duty of the owner or occupier of premises to warn his invitee of dangers or defects of which he knew or in the exercise of ordinary care it was his duty to know applies to a *latent peril* as well as to a patent one. *Huey v. City of Atlanta,* 8 Ga. App. 597 (2) (70 SE 71); *Monahan v. National Realty Co.,* 4 Ga. App. 680 (6) (62 SE 127); *Hickman v. Toole,* 35 Ga. App. 697 (3) (134 SE 635); *Coffer v. Bradshaw,* 46 Ga. App. 143 (167 SE 119); *Fulton Ice & Coal Co. v. Pece,* 29 Ga. App. 507 (116 SE 57)." *Howerdd v. Whitaker,* 87 Ga. App. 850, 857 (75 SE2d 572).

2. "The actual result of an act or omission is not controlling in determining whether or not it was negligent, nor is the duty of the person doing or omitting to do an act to be estimated by what, after an injury has occurred, then first appears to be a proper precaution; but the question of negligence must be determined according to what should reasonably have been anticipated, in the exercise of ordinary care, as likely to happen. 45 CJ 660, § 28. 'It is not uncommon for a person to fall downstairs when there is no defect in the stairway or its covering. A heel may catch on the edge of the stair, or the carpet, and a fall result. The fault rests, not with the stairway, but with the person who so placed his foot. Too often, the accident having so happened, such a person seeks a "defect" through which to pin upon another the damage

flowing from his own lapse. The frequency of that situation led one justice, during argument of an appeal, to make the ironic comment that "They always find it.' " *McCrory Stores Corp. v. Ahern*, 65 Ga. App. 334, 336-337 (15 SE2d 797). This is not to intimate or express any opinion that the plaintiff in this case was anything but honest and sincere in asserting her claim in the instant case.

3. Allegations that the defendant knew, or in the exercise of ordinary care and diligence could or should have known, is an allegation of constructive or implied knowledge. *Flynn v. Inman*, 49 Ga. App. 186 (174 SE 551). *Babcock Bros. Lmbr. Co. v. Johnson*, 120 Ga. 1030 (48 SE 438).

4. The decision in this case depends upon whether the evidence authorized a finding that the defendant, in the exercise of ordinary care, should have foreseen that the heel of a ladies' shoe would stick in the door mat furnished by him for the use of his invitees. It is undenied that he failed to give any warning. It is our opinion, upon application of the foregoing principles of law that the facts in the instant case, with all reasonable inferences therefrom, do not authorize a finding that a reasonable inspection would have disclosed the danger to him so as to require a warning. Under the evidence, there was nothing in the appearance of the door mat which would indicate to the defendant, any more than it indicated to the plaintiff, that the heel of a ladies' shoe, three-fourths of an inch wide, would catch in the door mat. We are of the opinion that in this case a reasonable inspection of the door mat did not require the defendant to test the door mat with heels of ladies' shoes to relieve himself from a charge of negligence or that the evidence authorized any inference that the defendant should have anticipated that the heel of a ladies' shoe would stick in or become entangled in the door mat. The plaintiff and the defendant were both familiar with the door mat and its construction, and the plaintiff, from her experience in wearing ladies' shoes, was in a better position than the defendant to know whether her heel could be caught in such a door mat. The evidence fails to show that the absence of hand rails on the steps caused or contributed to either the fall or the injury. See *Butler v. Jones*, 85 Ga. App. 158, 163 (68 SE2d 173). We, therefore, reach the conclusion that the evidence did not authorize a verdict in the plaintiff's favor, and that the trial judge did not err in granting the judgment for the defendant

notwithstanding the verdict for the plaintiff. It follows that the defendant's cross bill of exceptions complaining of the overruling of his motion for new trial must be dismissed.

*Judgment affirmed on main bill of exceptions; cross bill dismissed. Bell, J., concurs. Hall, J., concurs in the judgment only.*

DECIDED JULY 3, 1963.

*Jere F. White,* for plaintiff in error.
*William A. Ingram,* contra.