A92A1969. COPPOCK v. GOODEN.
(423 SE2d 708)

McMURRAY, Presiding Judge.

Plaintiff brought suit against defendant seeking damages for personal injuries. He alleged that he slipped and fell on defendant's premises and landed in a negligently placed and maintained garbage pile. Defendant answered the complaint, denied liability, and, following discovery, moved for summary judgment. The trial court granted defendant's summary judgment motion and plaintiff appeals.

Viewing the evidence in a light favorable to plaintiff, the party opposing the summary judgment motion, we find the following: Plaintiff volunteered to help defendant cut down a tree on defendant's premises. The tree fell against and lodged in another tree and plaintiff and defendant tried to dislodge the tree by pulling on it with a cable. It had been drizzling and the ground was wet. As plaintiff pulled on the cable, he slipped and fell in the vicinity of a trash pile.

Plaintiff had observed the trash pile shortly before he started to pull on the cable. When he fell, plaintiff braced himself with his hand and received a deep cut stretching from the palm of his hand to his wrist. Plaintiff does not know what he cut his hand on and he could

not state whether he actually put his hand in the trash pile. He acknowledged that he could have cut his hand on a can, a bottle or a tree root. *Held*:

Because plaintiff could not state what caused the injury to his hand, we must conclude that the trial court properly granted defendant's motion for summary judgment. Defendant's negligence is not established by the mere fact that plaintiff sustained an injury. *Harmon v. Reames*, 188 Ga. App. 812, 813 (374 SE2d 539); *Roberts v. Gardens Svcs.*, 182 Ga. App. 573 (356 SE2d 669).

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED OCTOBER 8, 1992.

*Jack F. Witcher, Maryellen S. Mitchell*, for appellant.
*Downey, Cleveland, Parker, Williams & Davis, G. Lee Welborn*, for appellee.