A95A2026. SEIBERS et al. v. DIXIE SPEEDWAY, INC.
(470 SE2d 452)

Judge Harold R. Banke.

V. Edward Seibers and M. Sue Seibers sued Dixie Speedway, Inc. ("Dixie") for negligence after the former sustained head injuries at the racetrack. They appeal the trial court's grant of summary judgment to Dixie, enumerating nine errors.

The evidence, viewed in the light most favorable to the Seibers, shows that Edward Seibers struck his head against a wall and temporarily lost consciousness after engaging in horseplay which apparently escalated into a fight with third-party defendant Rusty Craig. *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474) (1991). Several off-duty uniformed deputies working security for Dixie monitored the gathering crowd and took Craig to another part of the track. After paramedics administered first aid, Seibers regained consciousness, but he had difficulty sitting and speaking, his eyes dilated, and his head began to swell. Paramedics and others advised the deputies that Seibers needed immediate medical attention, but they purportedly threatened to arrest Seibers and his friends and refused to let Seibers leave. Holding Seibers by each arm, the deputies eventually escorted Seibers to another area where he and Craig shook hands. At that point, Seibers' friends convinced the deputies to release him. The record shows that Dixie had a policy or practice of trying to get those involved in altercations to resolve their disputes before leaving the raceway. The record also shows that the deputies may have detained Seibers for as long as two hours before he and Craig shook hands.

Seibers subsequently required emergency brain surgery, lapsed into a coma, and is presently unable to work.

The gravamen of the complaint is that Dixie's employees negligently prevented Seibers from seeking immediate medical care, thereby exacerbating his injuries.[1] The trial court based its decision to grant Dixie's motion for summary judgment on findings that (1) the deputies were independent contractors; (2) Dixie did not proximately cause the injury; (3) Seibers assumed the risk of injury; (4) comparative negligence barred the action; and (5) a release and waiver of liability Seibers signed before participating in a race prior to his injury barred the action.

To prevail on summary judgment, the moving party must show that no genuine issues of material fact remain to be tried and that the undisputed facts, viewed in the light most favorable to the non-movant, warrant summary judgment as a matter of law. *Lau's Corp.*, 261 Ga. at 491. *Held*:

1. The trial court erred in finding that no issues remained to be tried on the independent contractor issue. Although as a general rule, employers are not responsible under the theory of respondeat superior for the torts of independent contractors, if an employer controls the time, manner, and method of executing the work, an employer-employee relationship exists and liability will attach. *McDaniel v. Peterborough Cablevision, Ltd.*, 206 Ga. App. 437, 438 (425 SE2d 424) (1992). In cases involving off-duty police officers working for private employers, however, the employer escapes liability if the officer was performing police duties which the employer did not direct when the cause of action arose. *Pounds v. Central of Ga. R.*, 142 Ga. 415 (83 SE 96) (1914).

Genuine issues of fact remain to be tried on the extent to which Dixie controlled the off-duty deputies' actions. The record shows that Dixie's head of security told the deputies what to wear, when to report, where to stand, what to do, and the deputies received W-2 tax forms from Dixie. Furthermore, the record raises the issue of whether some of Dixie's in-house security personnel who were not off-duty deputies were involved in this incident.

Questions also remain as to whether the officers were performing official police functions during the entire period at issue — the officers made no arrests and by the time they arrived the fighting had stopped; Seibers was obviously injured and unable to continue the altercation, and Craig had backed away. Facilitating apologies between combatants is not necessarily acting within the realm of police functions, particularly when it purportedly prevents one from receiving

---

[1] Seibers explicitly abandoned his claim that Dixie negligently allowed the assault.

medical treatment. Furthermore, issues of fact remain as to whether the cause of action arose while the deputies were implementing Dixie's own policy of resolving altercations before those involved left the premises.

2. Notwithstanding the trial court's finding on the proximate cause of Seibers' initial injury, that issue is irrelevant to this action. The controlling issue is whether the alleged delay in treatment caused by the deputies or Dixie's other security personnel's involvement worsened the existing injury. In light of the severity of Seibers' symptoms, Dixie's employees purported knowledge of his need for medical attention, and the deputies' alleged threats to arrest Seibers' friends for begging to take him to the hospital, a jury must decide whether it was reasonably foreseeable that further harm would result from such a delay.

3. The trial court also erred in its finding on assumption of the risk. That theory would not foreclose liability arising from the alleged unforeseeable delay in treatment caused by Dixie's employees. "Assumption of the risk . . . means that a plaintiff 'has given his express consent to relieve the defendant of an obligation of conduct toward him and to take his chance of injury from a known risk.' [Cit.]" *Brandvain v. Ridgeview Institute,* 188 Ga. App. 106, 116 (3) (c) (372 SE2d 265) (1988). The record contains no undisputed proof of such consent or that Seibers knew or could have known that he faced the risk of delayed treatment due to the deputies' actions.

4. Nor is Seibers' claim precluded under a comparative negligence theory. The evidence on the length, cause, foreseeability, and reasonableness of the delay in treatment is conflicting. Because such disputed issues of fact remain to be tried, we find Dixie failed to satisfy its burden of proof on this defense. Issues of negligence and assumption of the risk ordinarily are not susceptible to summary adjudication. *Sapp v. Effingham County Bd. of Ed.,* 200 Ga. App. 695, 696 (409 SE2d 89) (1991).

5. The trial court further erred in finding that a release and waiver of liability Seibers allegedly signed before he participated in a race on the evening he was injured barred this action. Because none of the five releases included in the record is dated August 30, 1992, the night the injury occurred, and Seibers has no memory of signing a release, the evidence is insufficient to support summary judgment. Moreover, the record includes testimony that drivers were not always required to sign such releases.

6. In light of these findings, we need not reach the Seibers' remaining enumerations. Accordingly, this case is reversed and remanded for proceedings consistent with this opinion.

*Judgment reversed and case remanded. McMurray, P. J., and Blackburn, J., concur.*

Decided March 11, 1996 —
Reconsideration denied March 26, 1996 —

*Steven L. Beard*, for appellants.
*Drew, Eckl & Farnham, Robert L. Welch, John P. Reale, Peter A. Law*, for appellee.