A97A1011. SCHULTHEISS v. PRENTISS PROPERTIES, LTD.,
INC. et al.
(489 SE2d 545)

Judge Harold R. Banke.

Juanita Schultheiss sued Prentiss Properties, Ltd., Inc. and Turner Parking Systems, Inc. (collectively "Prentiss") to recover for damages relating to an unwitnessed parking garage incident in which Schultheiss allegedly injured her foot. Asserting three errors, Schultheiss challenges the award of summary judgment to Prentiss.

Viewed in a light most favorable to the non-movant, the evidence was as follows. See *Rodriquez v. City of Augusta*, 222 Ga. App. 383 (474 SE2d 278) (1996). After parking her vehicle in the parking garage of One Atlantic Center, Schultheiss proceeded to the elevator area. When she opened the elevator vestibule door, the door swept across the top of her foot allegedly injuring three toes. Schultheiss admitted that she placed her right foot directly in the door's swing path. Schultheiss conceded that she was aware that the door would open toward her when she pulled the door handle and made no claim that Prentiss somehow distracted her. According to her rendition of events, when she opened the door, it came across her foot and

"[i]nstantly that door was on me." Schultheiss testified that "I did a normal door opening," and did not exert any additional force. When asked "[w]as there anything about the door that didn't operate properly as you were turning the knob down and pulling it toward you," she responded, "It was not noted. If there was something there I didn't know it."

Notwithstanding her belated, self-serving assertion that it was the "jagged edge" that injured her foot, Schultheiss testified on deposition that she did not know which part of the door struck her foot. See *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (2) (343 SE2d 680) (1986). In fact, she admitted that she had no recollection of a jagged piece of metal jutting out from the door and striking her foot.

Two employees testified that when they performed tests on the same day as the mishap, they were not able to find any problem with the door including any sticking or resistance to opening. A third employee, Samuel Iddins, the lead engineer who had replaced the door handle on the preceding day, testified that after he completed the repair he checked the door and found no problems. According to Iddins, whenever he performed repairs it was his standard procedure to check the swing of the door, its closure and other aspects generally. According to Iddins, there was no record of any prior problem with this door.

Prentiss moved for summary judgment asserting that Schultheiss failed to show any evidence of a defect in the door, any knowledge on Prentiss' part of a defective condition, and further contending that Schultheiss was responsible for her injuries because she failed to exercise reasonable care for her own safety. *Held*:

1. In three enumerations of error, Schultheiss asserts that unresolved issues of material fact precluded summary judgment. She claims that: (1) the door in question had a jagged edge on the door sweep, (2) on the day before the incident, Iddins failed to properly inspect the door sweep, and (3) Iddins failed to discover the door's resistance to opening.

The owner or occupier of premises is under a duty to discover and either keep the premises and approaches safe from or warn of hidden dangers or defects not observable to invitees who are exercising ordinary care. *Newell v. Great A & P Tea Co.*, 222 Ga. App. 884 (1) (476 SE2d 631) (1996); OCGA § 51-3-1. However, a property owner is not an insurer of the safety of entrants. *Wells v. C & S Trust Co.*, 199 Ga. App. 31 (403 SE2d 826) (1991). The mere showing of the occurrence of an injury does not create a presumption of negligence. Rather, the true ground of liability is the owner's or occupier's superior knowledge of the perilous instrumentality and the danger therefrom. *Cook v. Home Depot*, 214 Ga. App. 133, 134 (1) (447 SE2d 35)

(1994).

The principle of equal or superior knowledge applies to static defective or dangerous conditions on property. *Newell*, 222 Ga. App. at 885 (2). To establish Prentiss' negligence, Schultheiss had to show: (1) that Prentiss had actual or constructive knowledge of the hazard, and (2) that she was without knowledge of the hazard or for some reason attributable to Prentiss was prevented from discovering it. *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980). See *Shansab v. Homart Dev. Co.*, 205 Ga. App. 448, 450 (3) (422 SE2d 305) (1992).

At summary judgment, Schultheiss had the burden to come forward with specific evidence that Prentiss' knowledge of the alleged peril was superior to hers. *Cook*, 214 Ga. App. at 135 (1). Schultheiss offered no evidence that Prentiss had actual knowledge of the alleged hazards — the jagged edge or the door's resistance to opening, prior to the incident. Thus, to avoid summary judgment, Schultheiss had to present evidence of Prentiss' constructive knowledge, that Prentiss should have discovered the alleged hazards and corrected them. See *Smith v. Winn-Dixie Atlanta*, 203 Ga. App. 565 (417 SE2d 202) (1992). This she failed to do. In fact, Prentiss' evidence revealed the opposite — that an employee inspected that door the day before and did not discover any alleged defect. The evidence further showed that no person had ever sustained a similar injury. Even assuming for the sake of argument that Prentiss ordered all such door edges be rounded off after the injury occurred, such activity would not prove that Prentiss had prior knowledge of the alleged hazard. See *Wilson Foods Corp. v. Turner*, 218 Ga. App. 74, 77 (4) (460 SE2d 532) (1995) (evidence of subsequent remedial measures generally inadmissible to show negligence). Having successfully pierced an essential element of Schultheiss' prima facie case, Prentiss was entitled to summary judgment as a matter of law. OCGA § 9-11-56 (c).

2. In light of our holding in Division 1, we need not reach Schultheiss' remaining enumeration.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED JULY 3, 1997 —
RECONSIDERATION DENIED JULY 24, 1997.

*Paul R. Vancil, David T. Markle,* for appellant.
*Dermer & Black, Richard W. Brown,* for appellees.