## A98A0241. CLEMMONS v. GRIFFIN.
(498 SE2d 99)

Judge Harold R. Banke.

Ernest L. Clemmons, an experienced heating and air conditioning repairman, was seriously injured by an explosion which occurred while he was on a service call to repair the home air conditioning unit of Loretta T. Griffin. Clemmons appeals the summary judgment awarded to Griffin.

The evidence, when viewed in a light most favorable to the nonmovant, showed that Clemmons and another person from Hall Heating & Air responded to a service call at Griffin's residence. After Clemmons replaced a burnt or corroded wire with a new piece of copper tubing, he then reconnected the wire to the terminal. When he flipped a switch on the power box located beside the unit, an explosion immediately resulted, inflicting severe second and third degree burns to Clemmons' face, neck, arms, and upper body.

After receiving workers' compensation benefits from his employer, Clemmons instituted a negligence action against the homeowner, Griffin, alleging that she breached a duty to warn him that an unqualified person had incorrectly rewired the air conditioning unit before his arrival. Clemmons theorized that an incompetent person had disconnected some of the wires to the compressor and then reconnected them to the wrong switch. Clemmons claimed that it was not possible for him to discover the hazard of the improper wiring before he turned the power back on. Clemmons also asserted that Griffin had put him at risk by improperly substituting copper tubing for fuses in the disconnect box.

Griffin moved for summary judgment contending that Clemmons failed to show that she had superior knowledge of the purported hazard. She claimed that no one other than the employees of Hall Heating & Air had ever worked on her unit or repaired it. According to Griffin, after the unit stopped cooling properly, she did not personally inspect it. Neither side offered any testimony from an independent expert and the whereabouts of the fire-damaged unit remain unknown. Clemmons appeals the summary judgment

awarded to Griffin. *Held*:

The mere showing of the occurrence of an injury, without more, does not create a presumption of negligence. Rather, the true ground of liability is the owner's superior knowledge of the peril and the danger therefrom. *Cook v. Home Depot,* 214 Ga. App. 133, 134 (1) (447 SE2d 35) (1994). As a general rule, a homeowner has a duty to warn an invitee, such as Clemmons, of dangers or defects of which the owner knew or in the exercise of ordinary care it was the owner's duty to know. *Swanson v. Choate,* 108 Ga. App. 152, 153 (1) (132 SE2d 246) (1963). According to Griffin's undisputed testimony, she had only had the unit serviced on one other occasion about a year earlier and no one had worked on it in the interim. Griffin testified without contradiction that she had no knowledge about the maintenance and repair of air conditioning units and did not examine hers after it developed problems.

At summary judgment, Clemmons had the burden to come forward with specific evidence that Griffin's knowledge of the alleged hazard was superior to his. *Schultheiss v. Prentiss Properties,* 227 Ga. App. 560, 562 (489 SE2d 545) (1997). This he failed to do. Clemmons only offered his own speculative testimony that the explosion was a most unusual event which would not ordinarily occur absent negligence, more specifically, someone's tampering with the unit and the control box. However, he admitted that the explosion could have been caused by oil, or moisture mixed with Freon, or a lightning strike or by any number of different things. See *Culberson v. Lanier,* 216 Ga. App. 686, 687 (1) (455 SE2d 385) (1995) (to avoid summary judgment, plaintiff must offer some evidence that would tend to establish a causal connection between his injuries and the hazard at issue). Clemmons conceded that the copper tubing in the disconnect box could have been present for years and may have been installed by the original builder. He further acknowledged that "it could have been us that worked on the unit." By his own admission, Clemmons observed the wiring alteration as soon as he opened the panel but apparently decided the unit was safe to work on. See *Whirlpool Corp. v. Hurlbut,* 166 Ga. App. 95, 98 (2) (303 SE2d 284) (1983) (contractor's decision to use flammable liquid in kitchen despite his knowledge of the presence of a nearby gas stove precluded his recovery against homeowner). Because Clemmons' knowledge of the change to the wiring was at least equal to Griffin's, his recovery is foreclosed. *Cleghorn v. Winn Dixie Stores,* 228 Ga. App. 766 (492 SE2d 745) (1997); *Newell v. Great A & P Tea Co.,* 222 Ga. App. 884, 885 (1) (476 SE2d 631) (1996).

Even assuming for the sake of argument only, that Griffin hired a third party who negligently repaired the unit, she would not be liable for the negligence of that party unless she directed and controlled the work done. OCGA § 51-2-4. Where the work performed by

an independent contractor is not inherently dangerous, except as a result of the negligence of the contractor, respondeat superior does not apply. *St. Paul Cos. v. Capitol Office Supply Co.*, 158 Ga. App. 748 (282 SE2d 205) (1981). Because Clemmons offered absolutely no evidence that Griffin retained or exercised any control over the unidentified third party's work even assuming such third party existed, Griffin cannot be held vicariously liable under the doctrine of respondeat superior. *Carter v. Allstate Ins. Co.*, 197 Ga. App. 738, 741 (1) (399 SE2d 500) (1990).

Clemmons asserts that Griffin's disposal of the air conditioning unit nearly 15 months before he initiated his suit constituted spoliation of the evidence. See, e.g., *Lane v. Montgomery Elevator Co.*, 225 Ga. App. 523, 525 (1) (484 SE2d 249) (1997) (violation of statute created presumption against spoliator). We decline to address this issue due to Clemmons' failure to raise and argue it below. *MacDonald v. MacDonald*, 156 Ga. App. 565, 566 (1) (a) (275 SE2d 142) (1980).

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 23, 1998.

*Edward E. Boshears*, for appellant.
*Whelchel, Brown, Readdick & Bumgartner, Terry L. Readdick, Bradley J. Watkins*, for appellee.