## A98A1062. WILSON v. WAFFLE HOUSE, INC.
(510 SE2d 105)

Pope, Presiding Judge.

A Waffle House restaurant hired DeKalb County Police Officer Stacey Simms to provide security on weekends, when there had been trouble with criminal activity at the restaurant. On Sunday at 2:00 a.m., Officer Simms, wearing his full DeKalb County police uniform, was in the restaurant parking lot when he saw Anthony Wilson enter the restaurant. Wilson ordered food to take out of the restaurant. When the food was ready, Wilson walked behind the counter to pay the cashier. Upon seeing Wilson standing behind the counter, Officer Simms entered the restaurant and yelled at him to get away from the counter. The two men exchanged words, after which Officer Simms placed his hand on Wilson's arm and escorted him out of the restaurant. Outside the restaurant they continued exchanging words and had a physical struggle that each man claims the other initiated. Officer Simms then arrested Wilson for obstructing an officer and other charges. Wilson was acquitted of the criminal charges after a jury trial. He then sued Officer Simms and Waffle House for false imprisonment, battery and malicious prosecution. Waffle House moved for summary judgment on the ground that it cannot be held vicariously liable for Officer Simms' actions. The trial court granted the motion. Wilson appeals.

"Although as a general rule, employers are not responsible under the theory of respondeat superior for the torts of independent contractors, if an employer controls the time, manner, and method of executing the work, an employer-employee relationship exists and liability will attach. [Cit.] In cases involving off-duty police officers working for private employers, however, the employer escapes liability if the officer was performing police duties which the employer did not direct when the cause of action arose. [Cit.]" *Seibers v. Dixie Speedway*, 220 Ga. App. 811, 812 (1) (470 SE2d 452) (1996). See *Beck v. Paideia School*, 191 Ga. App. 183-185 (1) (381 SE2d 132) (1989). In the instant case, Officer Simms was performing police duties which Waffle House did not direct. Officer Simms had a verbal agreement with Waffle House to provide security and enforce the law at the restaurant, which was approved of by the DeKalb County Police Chief. There is no document describing Officer Simms' position or duties at the restaurant. Waffle House had no established security procedures or policies for Officer Simms to follow and gave no security training to him. Instead, Officer Simms took action at the restaurant based on his police training and his own discretion. Compare *Seibers v. Dixie Speedway*, 220 Ga. App. at 812-813 (1).

On the date in question, Officer Simms alone decided to remove Wilson from the restaurant, after seeing him behind the cashier, and

to arrest Wilson for his alleged disorderly conduct. No one from Waffle House directed Officer Simms to take those actions. Officer Simms' removal of Wilson from the restaurant and arrest of him were done pursuant to Simms' authority as a DeKalb County policeman. See *Welton v. Ga. Power Co.*, 189 Ga. App. 17, 19-20 (1) (375 SE2d 108) (1988). Because the evidence, when viewed in the light most favorable to Wilson, shows without dispute that Officer Simms was performing police duties which Waffle House did not direct, the trial court correctly granted summary judgment to Waffle House. See *Rembert v. Arthur Schneider Sales*, 208 Ga. App. 903, 905 (432 SE2d 809) (1993); *Quinones v. Maier & Berkele, Inc.*, 192 Ga. App. 585, 589-591 (2) (385 SE2d 719) (1989).

*Judgment affirmed. Beasley, J., concurs. Ruffin, J., concurs in judgment only.*

DECIDED DECEMBER 2, 1998.

*Peter D. Copeland, Waymon Sims,* for appellant.
*Swift, Currie, McGhee & Hiers, Susan A. Dewberry,* for appellee.