## A98A1947. PALACIOS v. ABERCROMBIE.
(510 SE2d 908)

Judge Harold R. Banke.

Cynthia M. Palacios, as next friend and natural guardian of her son Domenic Palacios, appeals the grant of summary judgment to Rhonda Abercrombie, doing business as the Long Branch Day Care. Palacios enumerates three errors on appeal.

This case arose when nine-year-old Domenic tripped and fell while playing tag in the yard of the day care center, cutting his right knee. The injury required medical treatment.

Palacios sued, alleging that Domenic's injury resulted from Abercrombie's negligence in allowing a dangerous condition to remain on her premises where children under her care were known to play. The complaint further alleged the cut was the result of Domenic falling on a metal tent stake.

Abercrombie successfully moved for summary judgment on Palacios' claims. The trial court concluded that no admissible evidence supported Palacios' claim that a tent stake caused the injury. *Held*:

1. We must reject Palacios' contention that the trial court failed to view the evidence in a light most favorable to her as the nonmovant.

The true ground of liability in premises liability cases is the owner's superior knowledge of the dangerous condition. *Clemmons v. Griffin*, 230 Ga. App. 721, 722 (498 SE2d 99) (1998). Thus, to prevail, Palacios had to show fault on Abercrombie's part and Domenic's ignorance of the danger. *Steinberger v. Barwick Pharmacy*, 213 Ga. App. 122, 123 (1) (444 SE2d 341) (1994). An injury, without more, does not create the presumption of negligence. *Clemmons*, 230 Ga. App. at 722.

The evidentiary record consists solely of the depositions of Domenic Palacios and Rhonda Abercrombie. Domenic testified that he was running during a game of tag when he tripped and fell. He admitted that he did not know what, if anything, his knee hit, but the top of his foot may have stubbed the ground, causing the fall. He denied seeing a tent stake before he fell, but believed a tent stake cut his knee because his friend's mom, Gail Moore, said it was a tent stake and the doctor said it could not have been anything else. Domenic admitted, however, that Mrs. Moore did not see him fall and did not tell him why she thought a tent stake caused his injury.

Although it is undisputed that a tent had been located near the area where Domenic fell, Palacios presented no evidence from which the trial court could infer Abercrombie's superior knowledge of the alleged hazard. Abercrombie testified that before she opened the day care she cleared things like large rocks and sticks and did not leave rusted metal or large rocks with sharp edges where the children would play. While she admitted that her mother told her that Stan Southers said that he dug up a metal pipe or stake in the play area the day of Domenic's injury, Abercrombie denied seeing what he allegedly discovered.

"Evidence offered on motion for summary judgment is held to the same standards of admissibility as evidence at trial, and evidence inadmissible at trial is generally inadmissible on motion for summary judgment." (Punctuation omitted.) *Hall v. Cracker Barrel &c.*, 223 Ga. App. 88, 92 (1) (476 SE2d 789) (1996). The testimony in the depositions repeating statements by third parties Mrs. Moore, Mr. Southers, or the unidentified doctor is inadmissible hearsay, lacking in probative value, and cannot be considered in summary judgment proceedings. *Hassell v. First Nat. Bank*, 218 Ga. App. 231, 234 (2) (461 SE2d 245) (1995).

Review of the record shows that no competent evidence was presented sufficient to establish a genuine issue of material fact on whether Abercrombie was responsible for Domenic's injury. The competent evidence merely establishes that Domenic was injured when he tripped while playing tag and cut his knee when he fell to the ground. Thus, summary judgment was appropriate.

2. The record refutes Palacios' claim that the trial court erred by

focusing on the cause of Domenic's injury, an issue purportedly not raised in Abercrombie's motion. The trial court's order focused on the total absence of evidence refuting Abercrombie's testimony that she lacked knowledge of any hazardous condition, an issue clearly raised in her motion. See *Steele v. Rosehaven Chapel,* 233 Ga. App. 853, 855 (505 SE2d 245) (1998). It also noted the lack of any admissible evidence of the existence of a tent stake, a fact fatal to Palacios' claim. *Brown v. Amerson,* 220 Ga. App. 318, 320 (469 SE2d 723) (1996) (speculation which raises a possibility is insufficient to create an issue of fact precluding summary judgment); see *Hassell,* 218 Ga. App. at 234.

3. We must also reject Palacios' contention that the trial court misapplied controlling legal authority on summary judgment practice. In this procedural posture, factual inferences are appropriate only when they arise from admissible evidence. Id. Here, all evidence of a tent stake was hearsay or double hearsay.

*Judgment affirmed. Johnson, C. J., and Smith, J., concur.*

DECIDED JANUARY 19, 1999.

*B. Dean Grindle, Jr.,* for appellant.

*Goodman, McGuffey, Aust & Lindsey, Leslie S. Sullivan,* for appellee.