A00A1695. LA PETITE ACADEMY, INC. et al. v. TURNER et al.
(543 SE2d 393)

RUFFIN, Judge.

Two-year-old Tahri Turner was in day care at La Petite Academy, Inc. when he fell and broke his leg. His parents, Frederick and Elisa Turner, sued the Academy, its director, Suzanne Reed, and Tahri's teacher, Isis Roque. The Turners alleged that the defendants acted negligently, and sought both compensatory and punitive damages. The Academy and Reed moved for summary judgment, but the trial court denied the motion. For reasons that follow, we reverse.

Viewed in the light most favorable to the Turners,[1] the record shows that, in November 1995, Roque went to work for the Academy. Although Roque did not have prior experience working in day care, the Academy provided no training regarding the care of children.

---

[1] See *Hemphill v. Johnson*, 230 Ga. App. 478 (497 SE2d 16) (1998).

On May 10, 1996, Roque was in charge of a room of two-year-olds. Roque testified that, because there were between twelve and fourteen children in the room, there should have been at least two adult caregivers present. Roque, however, was the only adult in the room. At approximately 3:00 in the afternoon, Roque was seated with the children in a corner of the classroom. The only child who was not seated with the group was Tahri, who was riding a "Little Tykes" tricycle around the classroom. This plastic tricycle had no pedals, but was low enough to the ground that a small child could move the toy using his feet. Roque, who observed Tahri from across the room, said that he was "zooming back and forth" across the floor. According to Roque, she told Tahri several times to join her and the other children, but he did not want to sit down, so she let him continue playing on the tricycle.

After riding the tricycle for about 20 minutes, Tahri fell while attempting to turn the tricycle, pinning his leg under the tricycle. He threw the toy off of his leg and began screaming. Roque initially attempted to comfort the child, but when he continued crying, she went to report the accident to Reed. Before reaching Reed's office, however, another teacher told Roque that Reed "was on a very important phone call." Rather than interrupt Reed, Roque left a message. Reed, who apparently received the message, came to the classroom within 15 minutes of the accident.

Someone from the Academy attempted to call Tahri's parents, but apparently was unable to reach them.[2] As Roque believed that Tahri needed medical attention, Reed decided to call an ambulance. Roque rode with Tahri to the hospital, where doctors discovered that he had a broken leg.

1. The defendants assert that there is no evidence tending to show that they acted negligently in supervising Tahri. Accordingly, the defendants contend that the trial court erred in failing to grant their motion for summary judgment. We agree.

As the Turners' claim is one for negligence, they must show that the defendants owed a duty to Tahri, that they breached this duty by failing to exercise ordinary and reasonable care, and that this breach of duty resulted in the injury to Tahri.[3] The standard of care is that of the average parent.[4] As such, the

person is not an insurer of the safety of the child and has no

---

[2] The plaintiffs cite Reed's deposition testimony regarding the attempted calls to Tahri's parents. However, the transcript from her deposition was not included in the record, and we cannot consider any statements that are not supported by the record on appeal. *Yeary v. Bell*, 228 Ga. App. 522 (1) (492 SE2d 278) (1997).

[3] *Bull Street Church of Christ v. Jensen*, 233 Ga. App. 96, 98-99 (1) (504 SE2d 1) (1998).

[4] *Wallace v. Boys Club of Albany*, 211 Ga. App. 534, 535 (439 SE2d 746) (1993).

duty to foresee and guard against every possible hazard. The measure of precaution which must be taken by one having a child in his care, who stands in no relation to the child except that he has undertaken to care for it, is that care which a prudent person would exercise under like circumstances.[5]

In providing day care for Tahri, the defendants clearly had a duty to exercise reasonable care for his safety. Although Tahri suffered an unfortunate injury, there is no evidence that this injury stemmed from a breach of defendants' duty.

Tahri was injured while riding a tricycle. There is no evidence, nor do the Turners contend, that the toy was inappropriate for children of Tahri's age. Indeed, Tahri and other children in his class had ridden the tricycle before without incident. Accordingly, the mere fact that he was riding the tricycle when he fell does not support a finding that the defendants were negligent.

The Turners suggest that Roque acted negligently in allowing Tahri to ride the toy in an unsafe manner. According to the Turners, Tahri was riding too quickly and Roque should have stopped him. On deposition, Roque testified that Tahri had been going "rather" fast before the fall and that, on other occasions, she had stopped him from going fast to prevent him from hitting another child. She claimed that she did not stop him on the day of the fall because he was the only child "running around" the classroom. Contrary to the Turners' suggestion, this testimony does not show that riding the tricycle quickly was dangerous to Tahri or even that Roque believed it was so. Accordingly, the fact that Roque did not stop Tahri does not demonstrate that she was negligent.

The Turners further allege that Roque was inadequately trained and that Tahri's classroom was understaffed. Even assuming, as we do for purposes of summary judgment, that these allegations are true, it does not follow that the defendants are liable for negligence. There must be a causal link between the alleged breach of duty and the injury caused,[6] and defendants fail to show how lack of training or understaffing caused Tahri's injury.

The Turners argue that, if another teacher had been present, Roque would have been able to "lure" Tahri back to the group. Roque acknowledges that, had another teacher been present, she "could have" gone to Tahri and attempted to bring him into the group. Whether Roque actually would have forced Tahri to rejoin the group,

---

[5] (Punctuation omitted.) Id.
[6] *Laite v. Baxter*, 126 Ga. App. 743, 749 (2) (191 SE2d 531) (1972).

however, is mere speculation.[7] "[W]hen the matter remains one of pure speculation or conjecture, . . . it becomes the duty of the [trial] court to grant summary judgment for the defendant[s]."[8]

Here, the record shows that a two-year-old child decided to ride a tricycle and that his teacher saw no harm in allowing him to do so. There is no evidence indicating that the teacher's decision was unreasonable under the circumstances.[9] Although Tahri was injured while riding the tricycle, "[i]t is a well settled principle of negligence law that the occurrence of an unfortunate event is not sufficient to authorize an inference of negligence."[10] Thus, as the evidence demonstrates that Tahri's injury stemmed from an unfortunate accident rather than negligence, the trial court erred in denying defendants' motion for summary judgment.[11]

2. The Turners also seek damages based on the defendants' failure to seek timely medical treatment. To recover on this basis, the Turners must show that the alleged delay somehow exacerbated Tahri's injury.[12] Here, however, there is no evidence that Tahri's condition worsened because of a delay in obtaining medical treatment. Accordingly, the trial court erred in denying the defendants' motion for summary judgment on this basis.[13]

3. In view of our holding in Divisions 1 and 2, we need not address the defendants' remaining enumerations of error.

*Judgment reversed. Andrews, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 29, 2000 —
RECONSIDERATION DENIED DECEMBER 14, 2000 — 

*Warren R. Hinds*, for appellants.
*Middleton, Mathis, Adams & Tate, Charles A. Mathis, Jr., Nicol J. Hanyard*, for appellees.

---

[7] Indeed, Roque testified that she did not believe the accident resulted from the fact that she was alone in the classroom.

[8] (Punctuation omitted.) *Shadburn v. Whitlow*, 243 Ga. App. 555, 557 (533 SE2d 765) (2000).

[9] At some point, the Turners alleged that Roque pushed Tahri off the tricycle, and the trial court noted this allegation in its order. As the Turners acknowledge on appeal, however, there is no competent evidence in the record that Tahri was pushed. Thus, we do not address this allegation on appeal.

[10] (Punctuation omitted.) Id.

[11] *Laite*, supra.

[12] See *Seibers v. Dixie Speedway*, 220 Ga. App. 811, 813 (2) (470 SE2d 452) (1996).

[13] Compare id. (jury issue as to whether delaying head injury victim from seeking medical attention for two hours caused further harm).