A01A2001. PERSINGER et al. v. STEP BY STEP INFANT DEVELOPMENT CENTER.

(560 SE2d 333)

POPE, Presiding Judge.

James Persinger, an 18-month-old child, broke his left femur while in the custody and care of a day care center called Step By Step Infant Development Center. The child's parents filed suit, but the trial court granted summary judgment in favor of Step By Step. The parents appeal contending that they have presented an issue of fact for the jury as to Step By Step's liability.

On appeal from the grant of summary judgment this Court conducts a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474) (1991); *Jackson v. Post Properties,* 236 Ga. App. 701 (513 SE2d 259) (1999).

The child's teacher, Wendy Philliber, testified that James was looking out of a window when she called him to join the other children for storytime. She testified, "He turned from the window and he ran towards me. And then he fell down, twisting his leg when he fell." She also testified that the area was carpeted, that there were no toys or other items on the floor where he fell and that he appeared to simply stumble and twist his leg on the carpet. Lana Jamieson, a co-owner and officer of Step By Step, testified that through a glass window in the classroom she saw James go away from the other children then turn and start to go toward them. She then saw him fall and twist his leg. She said that the fall was not extraordinary or unusual.

However, in her written statement made shortly after the injury, she did not indicate that the child had twisted his leg in the fall.

The parents offered their affidavits and that of an orthopedic surgeon. The parents testified that James was in good health prior to the accident and that he had never been diagnosed with any type of condition that could make breaking a bone more likely. The orthopedic surgeon, Dr. Anthony Alter, testified that based on his review of the x-rays and medical records, the fracture of James' femur resulted from "a significant twisting, such as the leg being caught in a crib slat, or at minimum, a fall from a height greater than the height of the child." He went on to opine that this injury "would not have reasonably occurred simply by the child walking or running across a floor absent some contact with an external object or the child stepping into a hole." He added that James' foot would have to have been "locked," that is held in place, in order for James' leg to be broken the way it was.

"In Georgia, the essential elements of a cause of action for negligence are: (1) a legal duty; (2) a breach of this duty; (3) an injury; and (4) a causal connection between the breach and the injury." (Citation omitted.) *Vaughan v. Glymph*, 241 Ga. App. 346, 348 (526 SE2d 357) (1999).

In this case the legal duty is established and the injury is not disputed. The duty of a child care provider is "to exercise reasonable care for the safety of the child . . . gauged by the standard of the average reasonable parent." (Citation and punctuation omitted.) *Laite v. Baxter*, 126 Ga. App. 743, 745-746 (2) (191 SE2d 531) (1972). See also *La Petite Academy v. Turner*, 247 Ga. App. 360, 362 (1) (543 SE2d 393) (2000) ("that care which a prudent person would exercise under like circumstances") (footnote omitted). A day care provider does not insure the safety of the child "and has no duty to foresee and guard against every possible hazard." Id. at 361-362 (1). Finally, "[a]n injury, without more, does not create the presumption of negligence." (Citation omitted.) *Palacios v. Abercrombie*, 236 Ga. App. 54, 55 (1) (510 SE2d 908) (1999).

The more problematic aspect of this case is whether there is any evidence that the duty was breached and that the breach caused the injury. The Persingers offer two arguments, the first of which is easily dispatched. They claim that James' teacher, Philliber, failed to prevent James from running. Philliber testified that it was her practice to "try not to allow them to run in the classroom." But this testimony does not show that allowing a toddler to run under these circumstances was a breach of duty. In fact prudent parents allow their children to run all the time. See *La Petite*, 247 Ga. App. at 362 (not negligent to allow toddler in day care to ride a tricycle quickly).

Other than the above, the Persingers have not offered any evi-

dence to show how the day care center might have breached its duty of care. Instead, they have offered an expert's opinion that based on the nature of the break, the accident could not have resulted from a fall while running, and that the break indicated a "significant twisting" with the foot locked in place or a fall from a height greater than that of the child. The Persingers contend that this opinion creates an issue of fact concerning whether Step By Step breached its duty of care to James. They imply that the caregivers are actually hiding the true cause of the injury. They therefore argue that a jury could conclude that Step By Step failed to adequately supervise the child or otherwise care for the child and that this failure caused the injury.

Without any evidence of a breach of duty, summary judgment would be warranted unless the doctrine of res ipsa loquitur can be applied to these facts.

Under Georgia law, "[i]n arriving at a verdict, the jury, from facts proved, and sometimes from the absence of counter evidence, may infer the existence of other facts reasonably and logically consequent on those proved." OCGA § 24-4-9. This statute is the basis for the Georgia law of res ipsa loquitur. *Hosp. Auth. &c. of St. Marys v. Eason*, 222 Ga. 536, 539 (1) (150 SE2d 812) (1966). "The principal basis for application of the rule . . . is that the occurrence involved would not have occurred but for negligence, and this negligence may properly be charged to the person in exclusive control of the instrumentality." (Citations and punctuation omitted.) *U. S. Fidelity &c. Co. v. J. I. Case Co.*, 209 Ga. App. 61, 64-65 (3) (432 SE2d 654) (1993). "The rule is one of necessity in cases where there is no evidence of consequence showing negligence on the part of the defendant." *Parker v. Dailey*, 226 Ga. 643, 645 (1) (177 SE2d 44) (1970).

"The elements of [the] doctrine are: (1) injury of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; and (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff." (Citation omitted.) *Fender v. Colonial Stores*, 138 Ga. App. 31, 38 (3) (225 SE2d 691) (1976). See also *Kmart Corp. v. Larsen*, 240 Ga. App. 351, 352 (522 SE2d 763) (1999). Unless the plaintiff can show these elements, he or she is not entitled to present the issue to the jury. The mere fact that the plaintiff sustained an injury does not establish negligence and therefore does not justify a trial. See *Coppock v. Gooden*, 205 Ga. App. 763 (423 SE2d 708) (1992).

Res ipsa loquitur is simply a rule of circumstantial evidence that allows an inference of negligence to arise from the happening of an event if the above elements are shown. *Parker v. Dailey*, 226 Ga. at 645; *Macon Coca-Cola Bottling Co. v. Chancey*, 216 Ga. 61, 64 (1) (114

SE2d 517) (1960).[1] It "does no more than to allow the jury to decide the case and to make or reject the inference authorized as it sees fit — it does not create a presumption to that effect for the defendant to overcome." (Citation and emphasis omitted.) *McCurley v. Ludwig*, 215 Ga. App. 798, 800 (2) (452 SE2d 554) (1994). "[T]he sufficiency of the circumstantial evidence, and its consistency or inconsistency with alternative hypotheses, is a question for the jury. . . . [Y]et before there is, in legal contemplation, any evidence, the circumstances shown must, in some appreciable degree, tend to establish the conclusion claimed." (Citations omitted.) *Southern R. Co. v. Ga. Kraft Co.*, 258 Ga. 232-233 (367 SE2d 539) (1988).

We find that the doctrine is applicable here and that the case may proceed to the jury. First, there is evidence to support the conclusion that this injury ordinarily does not occur in the absence of someone's negligence. According to the Restatement of Torts, this finding may be based on the common knowledge of the community or on expert testimony "that such an event usually does not occur without negligence." Restatement (Second) of Torts, § 328D, comment d.

We simply cannot conclude that it is common knowledge that the type of injury James suffered ordinarily does not occur in the absence of someone else's negligence. Compare *Ward v. Mt. Calvary Lutheran Church*, 178 Ariz. 350 (873 P2d 688, 693-695) (App. 1994) (not common knowledge that a four-year-old child can run and fall and break his femur in the absence of someone else's negligence). A child that can run and fall can certainly break a bone. This distinguishes cases from other jurisdictions involving an injury to a very young infant, a very serious injury, or an injury obviously caused by an outside agency. See *Ward v. Forrester Day Care*, 547 S2d 410 (Ala. 1989) (negligence inferable where 11-week-old child suffered unexplained broken arm in day care); *Zimmer v. Celebrities, Inc.*, 44 Colo. App. 515, 516-519 (615 P2d 76) (1980) (negligence inferable where 25-month-old child sustained a skull fracture while in day care); *Myers v. Moore*, 240 Mo. App. 726 (217 SW2d 291) (1949) (negligence inferable where five-week-old child sustained animal bites while under the care of a nursery).

But Dr. Alter's affidavit is sufficient to make the point. He opined that the injury could not have resulted from a fall while running and that it must have resulted from a fall from a height greater than that of the child or from a significant twisting while the child's foot was locked into place. Cf. *Mt. Calvary*, 873 P2d 688 (plaintiffs

---

[1] "Circumstantial evidence can be described as evidence which does not constitute direct proof with regard to the issue of fact or the hypothesis sought to be proven by the evidence; rather, circumstantial evidence constitutes proof of other facts consistent with the hypothesis claimed." *Southern R. Co. v. Ga. Kraft Co.*, 258 Ga. 232 (367 SE2d 539) (1988).

not allowed to rely on res ipsa loquitur where they failed to introduce expert testimony that a four-year-old child could not break a healthy femur in a fall while running).

Dr. Alter's statement raises the direct inference that the accident did not happen the way the defendants claim it did. And a significant twisting, such as the leg being caught in a crib slat, or a fall from a height greater than the height of the child does not ordinarily occur absent the negligence of others. It is true that the child may have fallen inside his crib, of his own accord, and twisted his leg in the slats without the negligence of others. But, the doctrine of res ipsa loquitur does not require elimination of all other possible occurrences; it must only "render less probable all inconsistent conclusions." (Citation and punctuation omitted.) *White v. Exec. Committee of the Baptist Convention*, 65 Ga. App. 840, 842 (16 SE2d 605) (1941).

With regard to the second element of res ipsa loquitur, the instrumentalities at issue are the day care workers themselves, who had complete authority and responsibility for the children. Furthermore, the parents testified that the child was in good health when he was placed at the facility. As for the final element, there is no evidence that James contributed to the kind of injury that the expert testified happened.

We are mindful that it is the law in Georgia that res ipsa loquitur "should be applied with caution and only in extreme cases." *Williams v. American Med. Systems*, 248 Ga. App. 682, 684 (2) (548 SE2d 371) (2001). See also *Eason*, 222 Ga. at 541. But, given the expert testimony offered by the plaintiffs, the doctrine is applicable here. This expert testimony distinguishes the cases upon which Step By Step relies. In *La Petite*, 247 Ga. App. at 360, there was no expert testimony about the nature of the child's broken leg to contradict the story offered by the defendants. In *Palacios*, 236 Ga. App. at 55 (1), a doctor's statement that implied the child's injury was caused by negligence was inadmissible hearsay.

*Judgment reversed. Blackburn, C. J., and Mikell, J., concur.*

DECIDED FEBRUARY 15, 2002.

*Leonard & Clark, William M. Clark, Kenneth T. Israel*, for appellants.

*Goodman, McGuffey, Aust & Lindsey, Edward H. Lindsey, Jr., Thomas J. Lehman*, for appellee.