## A06A2008. REID v. GEORGIA BUILDING AUTHORITY et al.

(641 SE2d 642)

RUFFIN, Judge.

Lena Reid sustained a work-related hand injury and sought to have her injury designated catastrophic. Reid's employer, the Georgia Building Authority ("Employer"), contested the designation. Following a hearing, an administrative law judge ("ALJ") at the State Board of Workers' Compensation ("State Board") concluded that the injury was catastrophic, and the appellate division agreed. The Employer then appealed to the superior court, which reversed the State Board. We granted Reid's application for discretionary appeal, and for reasons that follow, we affirm.

As an initial matter, we note that Reid has essentially failed to provide any citations to the record in her statement of facts in violation of Court of Appeals Rule 25 (a).[1] The party alleging error must affirmatively show it by the record.[2] "We have repeatedly held that it is not the function of this court to cull the record on behalf of a party."[3] Given the shortcomings of Reid's brief, we are authorized to dismiss this appeal.[4] However, because the record is short and the Employer has provided ample and accurate record citations, we will exercise our discretion and resolve this appeal on its merits. But "if we have omitted any facts or failed to locate some evidence in the record, the responsibility rests with counsel."[5]

In reviewing an award of workers' compensation benefits, both the superior court and this court are required to construe the evidence in a light most favorable to the party prevailing before the State Board.[6] " 'It is axiomatic that the findings of the State Board of Workers' Compensation, when supported by any evidence, are conclusive and binding, and that neither the superior court nor this court has any authority to substitute itself as a fact finding body in lieu of the Board.' "[7]

---

[1] Reid provides a single citation to the record in her three-page statement of facts. She also cites two transcripts – presumably deposition transcripts – but the transcripts were not included in the record, and we cannot consider any statements that are not supported by the record on appeal. See *La Petite Academy v. Turner*, 247 Ga. App. 360, 361, n. 2 (543 SE2d 393) (2000).

[2] See *Sparti v. Joslin*, 230 Ga. App. 346, 347 (2) (496 SE2d 490) (1998).

[3] (Punctuation omitted.) *Rolleston v. Cherry*, 226 Ga. App. 750, 753 (1) (b) (487 SE2d 354) (1997).

[4] See Court of Appeals Rule 7 ("Breach of any rule of the Court of Appeals . . . may subject the appeal to dismissal.").

[5] *Premier/Ga. Mgmt. Co. v. Realty Mgmt. Corp.*, 272 Ga. App. 780 (1) (613 SE2d 112) (2005).

[6] See *Milliken & Co. v. Poythress*, 257 Ga. App. 586 (571 SE2d 569) (2002).

[7] *Davis v. Carter Mechanical*, 272 Ga. App. 773, 775 (612 SE2d 879) (2005).

Reid sought to prove that her injury was catastrophic by showing that it is "of a nature and severity that prevents [her] from being able to perform . . . her prior work and any work available in substantial numbers within the national economy for which [she] is otherwise qualified."[8] There is no dispute that Reid is unable to perform her previous job. Accordingly, the only issue is whether there is "any work available in substantial numbers within the national economy" for which Reid is otherwise qualified.[9]

Viewed in a light most favorable to Reid, the evidence shows that she worked for the Employer doing housekeeping work that included "[s]weeping, mopping, dusting, and regular . . . cleaning," and required the ability to "lift, push, pull, and carry heavy item[s]." On February 15, 2000, Reid injured two fingers on her right hand — her dominant hand — in the scope of her employment. As a result of this injury, Reid was seen by several doctors and underwent surgery and physical therapy. In November 2002, Reid's physician released her to return to limited work, indicating her duties should include "[n]o heavy gripping, no gripping, no lifting or carrying over ten pounds, no pushing or pulling over [fifteen pounds]" and that Reid had "medium dexterity with [her] right hand." According to Reid, after she returned to work, she was unable to perform her duties and therefore stopped working altogether. On October 16, 2003, Reid's physician concluded that she was "permanently and totally disabled to perform her regularly assigned duties of her previous job."

At the hearing before the ALJ, Reid presented the testimony of Melanie Harris, a physical therapist who performs functional capacity evaluations and impairment ratings. Harris evaluated Reid, performing several upper extremity tests related to the Department of Labor's job description for a maid. Reid indicated that she was in pain during the testing, and had difficulty with the tasks that required her to grip and lift objects with her injured hand. Harris concluded that Reid could work at a sedentary job for four hours and could possibly be able to increase to an eight-hour day. Neither Harris, nor any other expert witness, testified regarding the availability of work in the national economy for which Reid was otherwise qualified. The only testimony in the record regarding this issue was Reid's statement that she has "looked for work."

Following the hearing, the ALJ concluded that Reid was entitled to the designation of her injury as catastrophic, finding that "it was far more likely than not that the injuries she sustained . . . have resulted in her inability to return to her prior work[,]" and that "it is

---

[8] OCGA § 34-9-200.1 (g) (6).
[9] Id.

more likely than not that as a result of her injuries . . . there is no work available in substantial numbers in the national economy that [Reid] can perform." The ALJ stated that

> [Reid] is sixty-six years old and has performed housekeeping work all of her working life. [Reid] has no special skills such as using a computer, completed only the eleventh grade in school, and has received no specialized vocational training. Having considered all the evidence presented[,] it is very unlikely that [Reid] is or ever will be able to return to her prior work in housekeeping for the Employer or for any other employer. Moreover, as a result of her injuries . . . [Reid] is a sixty-six year old one-armed housekeeper whose remaining useful arm is her non-dominant arm, who is without any other skills, training, or experience, and who can perform work type activities for at most four hours per day after which she is likely to suffer pain and swelling in her right arm and hand if she uses them. Such restrictions, as the Employer correctly points out, do not mean that [Reid] cannot perform any tasks or "work," and [Reid] expressed a willingness to try to work if someone could identify a job she might perform. However it is more likely than not that such restrictions make [Reid] unable to perform any economically meaningful work.

The appellate division of the State Board agreed with the ALJ's conclusion that Reid's injury was catastrophic. On appeal, the superior court reversed, finding that there was no evidence establishing the unavailability of work within the national economy for which Reid is otherwise qualified. Reid appeals, alleging that the superior court erred (1) by failing to consider the ruling of the Appellate Division; (2) by reweighing the evidence; (3) by "consider[ing] the requirements in determining catastrophic designation"; (4) in concluding that the record failed to support the State Board's conclusion that there was no work available for Reid in substantial numbers within the national economy for which she was otherwise qualified; and (5) in failing to consider the totality of the circumstances, including Reid's work history, education, training, and age.

1. Reid contends that the superior court erred in finding there was no evidence in the record establishing the unavailability of work within the national economy for which she is otherwise qualified. On review of the entire record, we find the superior court's assessment of the evidence to be correct.

The State Board concluded that Reid was essentially unemployable based upon her age, skill level, training, education, and work

limitations. However, the record contains no competent evidence regarding Reid's training, skill level, or education.[10] And there is no evidence of a lack of available work in the national economy for which Reid is otherwise qualified. In other words, the Board determined that the injury was catastrophic based solely on its own experience. Thus, the issue is whether the Board may reach such a conclusion in the absence of competent evidence that the employee is unable to perform any work available in substantial numbers within the economy. We hold that it cannot.

As the claimant, Reid bears the burden of establishing that her injury is catastrophic.[11] Moreover, " '[b]ecause the Workers' Compensation Act is in derogation of common law, its provisions must be strictly construed.' "[12] Here, to prove that her injury is catastrophic, Reid must present *some* competent evidence that she is unable to perform any work available in substantial numbers within the national economy.[13] At a bare minimum, this requires some evidence that Reid has unsuccessfully attempted to obtain employment within her limitations, which supports an inference that such jobs are unavailable. The sole evidence in the record regarding Reid's job search is her statement at the hearing before the ALJ that she "looked for work."[14] This statement is simply insufficient, as it provides no details regarding her search, including whether she looked for work within her limitations or the extent and duration of her search. Or Reid also could have tendered a vocational expert to demonstrate that jobs she could perform were unavailable.[15] We see no such competent evidence in the record before us. Under these circumstances, the superior court properly concluded that there was insufficient competent evidence that Reid's injury was catastrophic.[16] This result may be harsh, but we are bound by the record before us.

2. In view of our holding in Division 1, we need not address Reid's remaining enumerations of error.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

---

[10] Although such evidence may be contained within deposition transcripts, there are none in the record, and therefore we cannot consider such evidence. See *La Petite Academy*, supra.

[11] See *Smith v. Mr. Sweeper Stores, Inc.*, 247 Ga. App. 726, 728 (544 SE2d 758) (2001) (in workers' compensation cases, claimant generally bears initial burden of proof); *Dasher v. City of Valdosta*, 217 Ga. App. 351, 352 (1) (457 SE2d 259) (1995) (an employee who seeks a workers' compensation benefit bears the burden of demonstrating entitlement to that benefit).

[12] *MARTA v. Bridges*, 276 Ga. App. 220, 224 (1) (623 SE2d 1) (2005).

[13] See OCGA § 34-9-200.1 (g) (6).

[14] In her brief, Reid provides a citation to an apparent deposition transcript for her statement that she attempted to find suitable work at six separate places of business. But because this transcript was not included in the record, we are unable to consider it. See *La Petite Academy*, supra.

[15] See *Davis*, supra.

[16] See *Carey Hilliard's Restaurants v. Cesaroni*, 179 Ga. App. 656 (347 SE2d 306) (1986).

DECIDED FEBRUARY 2, 2007.

*Darrell B. Reynolds, Sr.*, for appellant.

*Thurbert E. Baker, Attorney General, James G. Jackson*, for appellees.