## 60484. MATTOX v. COTTON STATES MUTUAL INSURANCE COMPANY et al.

BIRDSONG, Judge.
Mattox appeals from the grant of summary judgment to Cotton States in a declaratory judgment action. Mattox, a policeman, had

been involved in a high speed chase when his vehicle collided with another and Tommy Ray Pierce was killed. The mother of the deceased filed suit against Mattox and the Board of Commissioners of Roads & Revenue, which is insured by Hartford Accident Indemnity Company. Thereafter, Mattox requested his own insurer, Cotton States, to join in the defense and provide coverage, and Cotton States filed the declaratory action. The trial court held that coverage of the accident was excluded under the policy provisions which provide coverage of injuries arising out of the maintenance or use of the owned automobile "or any non-owned automobile as defined in the policy," and which define "non-owned automobile" as "a private passenger, farm or utility automobile or trailer not owned by . . . or furnished or available for the regular use of either the named insured or any relative." The trial court denied coverage because "Fletcher Mattox was operating a non-owned vehicle furnished or available for the regular use of his department and to him as a part of that department." *Held:*

The evidence, taken largely from the deposition of Fletcher Mattox shows that, as the trial court found, Mattox frequently used a vehicle in carrying out his duties as a policeman, and in carrying out his duties he always used an automobile owned by the Clarke County Board of Commissioners and furnished to the Clarke County Police Department, that he customarily drove the vehicle that was involved in the collision, and had driven that vehicle 80% of the time since 1978. The evidence shows that there was a "stable" of five particular cars that were used by the police department traffic division, of which Mattox was a member at the time of the accident, that the Clarke County Police Department furnished these automobiles for use by the policemen. The cars were not assigned to any particular officer, but were there for their use. These five cars were for the regular use of the police traffic division, although sometimes a policeman from another division might borrow one of the cars. Mattox customarily drove one of these cars on a daily basis in the pursuit of his duties and drove this car involved in the accident most of the time. He affirmed that this car was one of the five cars furnished to him and his division for regular use in his work.

On appeal, appellant Mattox argues that under the decisions in *Hale v. Southern Guaranty Ins. Co.,* 115 Ga. App. 29 (153 SE2d 574) and *Cotton States Mut. Ins. Co. v. Falls,* 114 Ga. App. 812 (152 SE2d 811), the use of the car in this case was not "regular" because "regular use" is "unlimited and unrestricted use for such purposes as the person to whom the automobile is furnished or available may see fit." Appellant further argues that the two other cases dealing with similar exclusionary clauses, *National Ben Franklin Ins. Co. v. Prather,* 109

Ga. App. 459 (136 SE2d 499) and *State Farm Mut. Auto Ins. Co. v. Bates,* 107 Ga. App. 449 (130 SE2d 514), are irrelevant to this case because those two cases turned upon whether the vehicle was actually regularly used instead of merely furnished, whereas this exclusion applies to non-owned vehicles if furnished or *available* for regular use of the insured.

Cotton States, however, contends that under the facts of the case the vehicle was "furnished or available for regular use" by Mattox, and argues it is not necessary that regular use be equivalent to absolute and unrestricted use under the four cited cases.

We have examined all arguments and all four cases in detail and we think that a jury could debate endlessly the meaning of "furnished or available for regular use," under the facts of any case and arrive at results as confusing as those of the four cases we have cited. We think the facts of a case of this sort should be analyzed only with reference to the intent of the parties with respect to the purpose of the exclusion. Chief Judge Felton, in his dissenting opinion in *Cotton States Mut. Ins. Co. v. Falls,* supra, p. 815, very astutely pointed out that "the purpose of the exclusion is ascertainable and the circumstances of [the] case govern . . . liability."

As Judge Felton stated, the purpose of the "drive other cars" or "non-owned regular use" provision is " 'to cover *occasional* or *incidental* use of other cars without the payment of an additional premium, but to exclude the *habitual* use of other cars, *which would increase the risk on the insurance company without a corresponding increase of the premium'* . . . 86 ALR2d 937, 940 (II, § 2) . . . The covered use is also variously described as 'casual' . . . and 'infrequent' . . . while the term 'regular use' has been held to suggest a principal (though not necessarily exclusive) use as distinguished from a casual or incidental use. . . . Thus the key to the insurer's intention in the use of such clause is its obvious intention to cover only those uses, whether described as occasional, incidental, casual, infrequent or by other similar adjectives, which will not materially increase the insurer's risk without a corresponding and compensating increase." *Cotton States Mut. Ins. Co. v. Falls,* dissent, supra, pp. 815-816.

The evidence in the case is not in dispute; it is obvious that Mattox's use of the police car in this case was not occasional, incidental, casual or infrequent. Mattox drove one of these five police cars, and this particular automobile most often, on a daily basis during his work day. It cannot be imagined that the insurer intended to increase its risk, without payment of any additional premium, by coverage of the insured in automobiles the insured *habitually* drove with such frequency in the course of his job, particularly as a traffic policeman. The vehicle in this case was excluded from coverage as a

non-owned vehicle "furnished or available for regular use" of the insured, and therefore, is not covered by the appellant's policy with Cotton States. The trial court was correct in its judgment; we find it unnecessary to examine appellant's remaining enumeration of error.

*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

Submitted September 9, 1980 — Decided November 14, 1980 — Rehearing denied December 3, 1980 —

*John Jay McArthur*, for appellant.

*Gary B. Blasingame, Rex D. Smith, Guy B. Scott, Jr.*, for appellees.