## 68820. PLAYER v. BASSFORD.
(322 SE2d 520)

SOGNIER, Judge.

Edna Player filed a complaint for damages resulting from injuries allegedly sustained when she slipped and fell in the parking lot outside William Bassford's Mr. Automotive store. She appeals the trial court's grant of summary judgment to Bassford. We affirm.

Appellant alleged in her affidavit in opposition to appellee's motion that she slipped on a foreign object after she stepped out of her husband's truck. She did not see what she had slipped on either before or after her fall and thus was unable to identify the object or substance which caused her fall. "[I]n order to state a cause of action in a case where the plaintiff alleges that due to an act of negligence by the defendant he slipped and fell on a foreign substance on the defendant's floor, the plaintiff must show (1) that the defendant had actual or constructive knowledge of the foreign substance and (2) that the plaintiff was without knowledge of the substance or for some reason attributable to the defendant was prevented from discovering the foreign substance." *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980). Thus, "[t]he true ground of liability is the proprietor's superior knowledge of the perilous instrumentality and the danger therefrom to persons going upon the premises. [Cit.]" *Winn-Dixie Stores v. Hardy*, 138 Ga. App. 342, 344 (4) (226 SE2d 142) (1976).

Appellant has failed to come forward with any evidence to show that appellee had either actual or constructive knowledge of the alleged foreign object and summary judgment in favor of appellee was therefore correct. *Alterman Foods v. Ligon*, supra; *Filmore v. Fulton-DeKalb Hosp. Auth.*, 170 Ga. App. 891 (318 SE2d 514) (1984).

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED SEPTEMBER 17, 1984.

*William E. Moore, Jr.*, for appellant.
*William A. Turner, Jr., Randy Ebersbach, F. Thomas Young*, for appellee.