A90A1714. INTERNATIONAL INDEMNITY COMPANY v. KEITH et al.
(404 SE2d 335)

POPE, Judge.
Appellant International Indemnity Company (Indemnity) brought an action for declaratory judgment and other relief against appellees Robin and Phillip Keith and appellee Yvonne C. Tidwell to determine whether it was obligated to provide excess liability cover-

age under an automobile insurance policy issued to Robin Keith. The trial court denied both International's and Tidwell's motions for summary judgment and we granted International's application for interlocutory appeal. We reverse.

On May 18, 1987, Phillip Keith, while driving his employer's truck, struck and killed Tidwell's husband, who was riding a bicycle. International, which provided insurance coverage to Robin Keith, Phillip Keith's wife, on her 1978 Monte Carlo, investigated the accident pursuant to a reservation of rights dated July 22, 1987. Although International never formally denied coverage, it did not participate (did not defend Keith) in the wrongful death action Tidwell's wife, Yvonne Tidwell, filed against Phillip Keith and his employer, Jimmy Ray Stiles, on May 9, 1988.

On January 13, and January 25, 1989, Tidwell's attorney and Keith's attorney, respectively, wrote International a letter notifying it of the pendency of trial and advising it of what they contended was International's obligation to participate in Keith's defense because of its alleged excess liability coverage arising from its policy with Robin Keith.[1] International filed the present declaratory judgment action on February 2, 1989. On February 8, 1989, pursuant to the agreement of the parties, the trial court entered a final order and judgment in the wrongful death action wherein Tidwell was awarded $95,000, plus costs, to be paid as follows: $30,000 to be paid by Keith, individually, $50,000 to be paid by Canal Insurance, and "$15,000 to be paid solely by . . . International . . . , if and only if, upon the ultimate final conclusion of that certain Declaratory Judgment suit . . . now pending in Bartow Superior Court, International is found to have coverage under its policy. . . ."

1. The issue to be decided by this court is whether the trial court correctly denied summary judgment to International and Tidwell, apparently concluding that issues of fact remain as to whether coverage exists under the policy. The policy here specifically excluded from liability coverage "any vehicle which is owned by or furnished or available for the regular use of any family member." "[T]he purpose of the . . . non-owned regular use provision is to cover occasional or incidental use of other cars without the payment of an additional premium, but to exclude the habitual use of other cars, which would increase the risk on the insurance company without a corresponding increase of the premium. The covered use is also variously described as casual and infrequent while the term regular use has been held to suggest a principal (though not necessarily exclusive) use as distinguished from

---

[1] Canal Insurance Company, Stiles' insurer, provided primary coverage in the amount of $50,000 for the accident.

a casual or incidental use. Thus the key to the insurer's intention in the use of such clause is its obvious intention to cover only those uses, whether described as occasional, incidental, casual, infrequent or by other similar adjectives, which will not materially increase the insurer's risk without a corresponding and compensating increase [in premium]." (Citation, punctuation and italics omitted.) *Mattox v. Cotton States Mut. Ins. Co.*, 156 Ga. App. 655, 657 (275 SE2d 667) (1980).

The undisputed facts of record in this case, including Keith's responses to International's requests for admissions and the deposition of Keith's employer, show that the vehicle was furnished or available to Keith for his regular use, and that he regularly used the furnished vehicle. Consequently, the trial court's order denying summary judgment to International must be reversed. *Greenway v. Southern Gen. Ins. Co.*, 192 Ga. App. 674 (385 SE2d 793) (1989); *American Southern Ins. Co. v. Golden*, 188 Ga. App. 585, 587 (373 SE2d 652) (1988); *Mattox v. Cotton States*, supra.

2. We find no merit to Tidwell's contention that the trial court should have dismissed International's declaratory judgment action. Contrary to Tidwell's contentions on appeal, it is impossible to determine from the record before us that International had in fact issued a firm denial of coverage prior to the filing of the declaratory judgment action, thereby barring its recourse to that procedure. Cf. *Sentry Ins. v. Majeed*, 194 Ga. App. 276 (2) (390 SE2d 269) (1990). "The question of coverage is still in issue, and the trial court properly denied the motion to dismiss the declaratory judgment complaint." *State Farm &c. Ins. Co. v. Allstate Ins. Co.*, 132 Ga. App. 332, 335 (208 SE2d 170) (1974).

*Judgment reversed. Beasley and Andrews, JJ., concur.*

DECIDED MARCH 15, 1991.

*Gurley & Fowler, James B. Gurley, Louis B. Lusk, Jr.*, for appellant.

*Ben Lancaster, Diane Q. House*, for appellees.