## A99A1500. ALLSTATE INSURANCE COMPANY v. CZAPLICKI et al.
### (526 SE2d 78)

BARNES, Judge.

Allstate Insurance Company appeals the denial of summary judgment to it and the grant of summary judgment to the Czaplicki family in this declaratory judgment action. Finding no error, we affirm.

Allstate contends that an automobile insurance policy covering Robert Czaplicki as a resident of his father's household excluded coverage for a wreck that occurred when Robert was driving his grandfather's van. Allstate admitted coverage under the grandfather's policy but argues that coverage under the father's policy is excluded by the following language: "Allstate will not pay for any damages a person insured is legally obligated to pay because of . . . a non-owned auto which is furnished or available for the regular use of a person insured."

The parties stipulated that the van Robert Czaplicki wrecked is a non-owned vehicle, and that he drove the van only occasionally. The facts also showed that the grandfather had been living with the Czaplickis, but at the time of the wreck he had been living in a personal care home for several months. The grandfather hoped he would be able to return home. They kept the van for the grandfather, and "on a rare occasion," household members drove it so the battery would not die. All three vehicles garaged at the Czaplickis, the grandfather's van and the parents' two vehicles, were insured by Allstate, and the policies were written by the same agent.

The father also testified that his son, who was 16 at the time of the wreck, was allowed to use the van only with permission and that if he took any of the vehicles without permission, he would lose the keys to all of them. The son testified that he always had to ask for permission before using any vehicle. The day of the wreck he was returning a gym key to his coach after playing basketball.

The parties dispute whether having the van merely available for regular use is sufficient to exclude coverage under the parents' policy. Allstate argues that, because the van was continuously garaged at the Czaplickis' house and all the family members had keys, it was available for regular use and thus not covered. The Czaplickis argue that, regardless of the van's availability, it was not actually in regular use, and thus was covered. Both appellant and appellees argue that existing case law supports their position.

In *Mattox v. Cotton States Mut. Ins. Co.*, 156 Ga. App. 655 (275 SE2d 667) (1980), we reasoned that

a jury could debate endlessly the meaning of "furnished or

available for regular use" under the facts of any case and arrive at results as confusing as those of the four cases [cited as precedent]. We think the facts of a case of this sort should be analyzed *only* with reference to the intent of the parties with respect to the purpose of the exclusion. . . . The purpose of the "drive other cars" or "non-owned regular use" provision is to cover occasional or incidental use of other cars without the payment of an additional premium, but to exclude the habitual use of other cars, which would increase the risk on the insurance company without a corresponding increase of the premium.

(Citations and punctuation omitted; emphasis supplied and omitted.) Id. at 657. The test for determining coverage under *Mattox* is whether the vehicle's use materially increases the insurer's risk without a corresponding increase in the insured's premium. The risk materially increases only if the vehicle is habitually used; it does not increase if the vehicle is merely available for use. Id.

We have repeated this analysis in subsequent cases. See, e.g., *Intl. Indem. Co. v. Keith,* 199 Ga. App. 171, 173 (1) (404 SE2d 335) (1991).

The key to the insurer's intention in the use of such clause is its obvious intention to cover only those uses, whether described as occasional, incidental, casual, infrequent or by other similar adjectives, which will not materially increase the insurer's risk without a corresponding and compensating increase in premium.

(Punctuation omitted.) Id., citing *Mattox,* supra at 657. See also *Greenway v. Southern Gen. Ins. Co.,* 192 Ga. App. 674, 675 (385 SE2d 793) (1989) ("We agree with the trial court that *Mattox* is controlling. . . ."); *American Southern Ins. Co. v. Golden,* 188 Ga. App. 585, 587 (373 SE2d 652) (1988) ("[t]his provision extends coverage where an insured uses a non-owned vehicle with the permission of the owner on an occasional, incidental, casual or infrequent basis," citing *Mattox,* supra at 657).

Because the parties stipulated that Robert Czaplicki drove the van only occasionally, the non-owned auto exclusion does not apply here. As a result, the trial court did not err in granting summary judgment to the Czaplickis and denying summary judgment to Allstate.

*Judgment affirmed. Ellington, J., concurs. Blackburn, P. J., concurs specially.*

BLACKBURN, Presiding Judge, concurring specially.

While I fully concur in the judgment, I cannot agree with all that is said by the majority. The policy excludes damages because of "a non-owned auto which is furnished or available for *the regular use* of a person insured." (Emphasis supplied.) The parties stipulated that the grandfather's van was only occasionally used by Robert Czaplicki. It is also undisputed that even though he had a key to the van, it was not regularly available to Czaplicki because he could not use it without specific permission. Consequently, by its own language, the exclusion does not apply to this claim, and the decision of the trial court should be affirmed.

DECIDED NOVEMBER 19, 1999 —
RECONSIDERATION DENIED DECEMBER 3, 1999 — 

*George H. Connell, Jr.*, for appellant.

*Langley & Lee, Carl R. Langley, Hodges, Erwin, Hedrick & Coleman, William A. Erwin*, for appellees.

*Chambers, Mabry, McClelland & Brooks, Deeann B. Waller, Christian G. Henry*, amici curiae.