## A02A1011. MOORE v. TEAGUE.
### (564 SE2d 817)

ELDRIDGE, Judge.
Plaintiff Angela B. Moore, an invitee to a home products demonstration in the home of defendant Sheri A. Teague, appeals from the grant of summary judgment in her slip and fall case. Plaintiff fell in the defendant's kitchen but does not know why her legs and feet did a split; she assumed that it was from the wet floor, but she did not

---

actually know if the floor was wet. Everyone at the party, including the plaintiff, was aware that the icemaker malfunctioned twice during the party, spilling ice onto the floor. There being no error, we affirm.

Plaintiff asserts that the trial court erred in granting summary judgment. We do not agree.

In 20 RCL[1] 56, § 52, it makes the statement that "*[t]he true ground[s] of liability [are] the proprietor's superior knowledge of the perilous instrumentality and the danger therefrom to persons going upon the property.* It is when the perilous instrumentality is known to the owner or occupant and not known to the person injured that . . . recovery is permitted."[2] (Emphasis in original.) *Gibson v. Consolidated Credit Corp.*, 110 Ga. App. 170, 173 (2) (138 SE2d 77) (1964) (first cited in a rainwater slip and fall case). "The rules governing the land proprietor's duty to his invitee presuppose that the possessor knows of the condition and 'has no reason to believe that they (his invitees) will discover the condition or realize the risk involved therein.' 2 Restatement, Law of Torts, Sec. 343." (Punctuation omitted.) *Hunt v. Thomasville Baseball Co.*, 80 Ga. App. 572, 573 (56 SE2d 828) (1949) (risk of injury from a ball hit or thrown sitting in the bleachers); accord *Jones v. West End Theatre Co.*, 94 Ga. App. 299, 302 (2) (a) (94 SE2d 135) (1956) (risk of stepping on empty beer can in drive-in movie).[3] If both the owner or occupier and the invitee have equal knowledge of the dangerous defect, condition, or person, then there exists no duty to warn of what is already known to both. *Gibson v. Consolidated Credit Corp.*, supra at 173-174. However, the owner or occupier of the premises is not relieved of the duty to keep the premises safe from such danger equally known, but the defenses of contributory negligence, assumption of risk, or comparative negligence arise to either bar recovery by the plaintiff or mitigate plaintiff's damages. See OCGA § 51-3-1; *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980); *Hunt v. Thomasville Baseball Co.*,

---

[1] 20 RCL (Ruling Case Law 1918) started in 1914 and went through 1931; American Jurisprudence (1936-1960) followed it; today AmJur2d series replaced both since 1962.

[2] Under Georgia law prior to the Restatement of Torts (Second), § 343, superior knowledge of the owner was necessary for the duty to warn and to guard against unreasonable dangers known to the owner, but the invitee had a duty to exercise ordinary care for his own safety. See *Gibson v. Consolidated Credit Corp.*, 110 Ga. App. 170, 173 (2) (138 SE2d 77) (1964) (citing 20 RCL 56, § 52 for this proposition); see also *Whatley v. Nat. Svcs. Indus.*, 228 Ga. App. 602, 604 (1) (492 SE2d 343) (1997); *Jet Food Stores v. Kicklighter*, 226 Ga. App. 552, 553 (1) (487 SE2d 120) (1997); *Brennan v. The Freight Room*, 226 Ga. App. 531, 533 (1) (487 SE2d 109) (1997); *Newell v. Great A & P Tea Co.*, 222 Ga. App. 884, 885 (2) (476 SE2d 631) (1996).

[3] *Whatley v. Nat. Svcs. Indus.*, supra; *Housing Auth. of Atlanta v. Famble*, 170 Ga. App. 509, 529-530 (317 SE2d 853) (1984) (storm drain behind housing project clogged up causing ponding where children drowned).

supra at 573. To recover for a slip or trip and fall, the plaintiff must prove: (1) "that the defendant had knowledge of the presence of the foreign substance [or the static condition]"; and (2) "[that] the plaintiff must also show that he was without knowledge of its presence" and that "[t]he customer must exercise ordinary care for his own safety, and must by the same degree of care avoid the effect of the merchant's negligence after it becomes apparent to him or in the exercise of ordinary care he should have learned of it." (Punctuation omitted.) *Alterman Foods v. Ligon*, supra at 623, limited by, *Robinson v. Kroger Co.*, 268 Ga. 735, 747-749 (2) (493 SE2d 403) (1997). Thus, under the first prong, the plaintiff must prove either actual or constructive knowledge of the dangerous condition by the owner to avoid summary judgment. See *Kenny v. M & M Supermarket*, 183 Ga. App. 225, 226 (358 SE2d 641) (1987) (constructive knowledge not shown and no direct evidence of slick or foreign substance on the floor); *DeGracia v. Huntingdon Assoc.*, 176 Ga. App. 495, 496 (1) (336 SE2d 602) (1985) (direct evidence from inspection that water was not on floor 15 minutes prior to fall and no knowledge how the water got there); *Player v. Bassford*, 172 Ga. App. 135 (322 SE2d 520) (1984) (plaintiff did not know what caused the fall; therefore, the defendant's knowledge could not be proven). Thus, it follows that if the defendant does not know of the dangerous condition and in the exercise of reasonable care does not discover it, then no duty arises either to warn of or to eliminate the dangerous condition. Therefore, absent knowledge of the dangerous condition, there can be no causation.

Causation is always an essential element in slip or trip and fall cases. Where the plaintiff does not know of the cause or cannot prove the cause, there can be no recovery, because an essential element of negligence cannot be proven. *Alterman Foods v. Ligon*, supra at 622-623 (did not know what caused her to fall); *Kenny v. M & M Supermarket*, supra at 226 (plaintiff did not know how or why she fell); *Bradley v. Red Food Stores*, 179 Ga. App. 39, 40 (345 SE2d 127) (1986) (same); *Player v. Bassford*, supra at 135 (did not know what caused her to fall). Where the plaintiff cannot identify the cause of the fall, summary judgment is appropriate, as here, because causation cannot be established, and therefore, the defendant's knowledge of the dangerous condition, which actually caused the fall, cannot be shown as a precondition for liability. *Alterman Foods v. Ligon*, supra at 621-622 (plaintiff did not know the cause of her fall); *Shadburn v. Whitlow*, 243 Ga. App. 555, 556 (533 SE2d 765) (2000) (not certain as to cause of fall).

Where the cause of the fall, as in this case, is mere speculation, guess, or conjecture, there is not even a scintilla of evidence to create a material issue of fact for jury determination, because such conjecture has no probative value to create an issue of fact. *Alterman Foods*

*v. Ligon*, supra at 624-625 (cannot infer that the store floor was negligently maintained merely from a fall); *Shadburn v. Whitlow*, supra at 556 ("speculation that [plaintiff] may have tripped on loose carpeting does not sufficiently establish causation"); *Febuary v. Averitt Properties*, 242 Ga. App. 137, 141 (2) (b) (528 SE2d 880) (2000) ("[plaintiff's] pure speculation as to the cause of his fall failed to present a jury issue as to whether he had equal knowledge of the condition"); *Head v. Sears Roebuck & Co.*, 233 Ga. App. 344, 345 (503 SE2d 354) (1998) ("The plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to grant summary judgment for the defendant.") (punctuation omitted); *Clemmons v. Griffin*, 230 Ga. App. 721, 722 (498 SE2d 99) (1998) ("[Plaintiff] only offered his own speculative testimony that the explosion was a most unusual event which would not ordinarily occur absent negligence."); *Kenny v. M & M Supermarket*, supra at 226.

When causation for the fall cannot be shown by the plaintiff, the first prong (knowledge of the danger by the defendant) has not been shown, because the plaintiff cannot show a dangerous condition of which the defendant had knowledge that caused the injury. *Alterman Foods v. Ligon*, supra at 622-623. Thus, summary judgment is appropriate in a slip or trip and fall case such as the instant case where the cause remains unknown. Id. at 622.

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED MAY 1, 2002.

*Akin & Tate, S. Lester Tate III*, for appellant.
*Magruder & Sumner, J. Clinton Sumner, Jr., John A. Owens*, for appellee.