A08A0020. NGHIEM v. ALLSTATE INSURANCE COMPANY.
(664 SE2d 925)

BERNES, Judge.

This case arises out of an automobile accident involving a vehicle owned by Thao Nguyen but driven by his girlfriend, Hannah Nguyen. Appellant Tran Nghiem was a passenger in the vehicle and sustained injuries in the accident, leading him to seek payment from Hannah's liability insurance carrier, appellee Allstate Insurance Company. Allstate filed a petition for declaratory judgment seeking a ruling that it had no obligation to provide coverage for any claims arising out of the accident and moved for summary judgment on that ground. Concluding as a matter of law that the vehicle was excluded from coverage under Allstate's policy because it was a nonowned vehicle regularly used by Hannah, the trial court granted summary judgment in favor of Allstate. We affirm.

On appeal from a grant of a motion for summary judgment, we review the evidence de novo, viewing it in the light most favorable to the non-movant, to determine whether a genuine issue of fact remains and whether the moving party is entitled to judgment as a matter of law. *Rubin v. Cello Corp.*, 235 Ga. App. 250 (510 SE2d 541) (1998).

So viewed, the record shows that between December 2004 and June 2005, Hannah had her own key and was the principal driver of a 2004 Honda Accord owned by her boyfriend, Thao. Even though Hannah did not own the vehicle, it was garaged at her father's house.

Thao had allowed Hannah to borrow his 2004 Honda Accord, while he borrowed her 2002 Honda Accord, because he did not want too many miles on his newer car.

In June 2005, approximately three weeks before the accident, Hannah and Thao traveled in Thao's vehicle to South Carolina, where they planned to work temporarily. While in South Carolina, Thao "mainly" drove the vehicle, but Hannah still had unlimited access to the vehicle and could use it for her own personal use as she saw fit.

On July 10, 2005, Thao and Hannah were driving from Orangeburg to Greenville, South Carolina. Hannah was driving the vehicle, while Thao, along with appellant, were passengers. As Hannah drove, an automobile collision occurred, causing appellant to suffer a broken pelvis, a fractured spine, and other injuries. Thao's insurer, Progressive Preferred Insurance Company, tendered its policy limits of $50,000 to settle appellant's personal injury claim. Appellant then sought additional recovery from Allstate, the insurer of both Hannah and her father.

The Allstate policy issued to Hannah's father defined an "insured auto[ ]" as including "[a] non-owned . . . auto used by you or a resident relative with the permission of the owner," adding that "[t]his auto must not be available or furnished for the regular use of a person insured." The policy also contained the following exclusion: "Allstate will not pay for any damages a person insured is legally obligated to pay because of . . . a non-owned auto which is furnished or available for the regular use of a person insured."

As Hannah's insurer for the policy period March through September 2005, Allstate brought this declaratory action against appellant, Hannah, Hannah's father, Thao, and Thao's insurer to determine issues including whether Hannah's use of Thao's car was excluded under the policy. Thao, Hannah, and her father answered pro se. Appellant answered and counterclaimed for a declaration that Allstate was obligated to provide coverage.

Appellant thereafter moved for summary judgment. As part of its motion, Allstate submitted an affidavit from an underwriter to the effect that had Allstate known that Hannah was driving Thao's car regularly, it would have charged Hannah's father a higher premium for "Extended Non-Owned Coverage" for the six-month policy taking effect on March 11, 2005. Appellant opposed Allstate's motion and also moved for summary judgment. The trial court granted summary judgment to Allstate and denied summary judgment to appellant. The trial court reasoned that the uncontroverted evidence showed that Allstate was not obligated to pay appellant under Hannah's father's policy because Thao's car had been a

"non-owned auto" regularly used by Hannah as "a person insured" under that policy. This appeal followed.

As this Court has long held,

> the purpose of the . . . non-owned regular use provision is to cover occasional or incidental use of other cars without the payment of an additional premium, but to exclude the habitual use of other cars, which would increase the risk on the insurance company without a corresponding increase of the premium.

(Citations, punctuation and emphasis omitted.) *Mattox v. Cotton States Mut. Ins. Co.*, 156 Ga. App. 655, 657 (275 SE2d 667) (1980).

It is undisputed that the policy under which appellant seeks recovery was an Allstate policy issued for the six-month period from March 11 to September 11, 2005; that Hannah was a "person insured" and her 2002 Honda was a "covered auto" under that policy; and that Allstate would have charged more for covering Hannah's extended driving of any other vehicle. And according to Hannah's sworn deposition testimony, she was the principal driver of Thao's car from December 2004 to June 2005, during which time her father's policy was renewed. Moreover, Hannah further testified that even after she and Thao moved to South Carolina where Thao "mainly" drove the vehicle, she continued to have unlimited access to the vehicle and was able to take the vehicle for her own use in the three weeks leading up to the accident. Under these circumstances, Allstate has established as a matter of law that Hannah was more than just an incidental user of Thao's vehicle during the course of the policy period and materially increased Allstate's risk without a corresponding increase in the policy premium. See *Mattox*, 156 Ga. App. at 657-658 (affirming grant of summary judgment where driver was furnished a nonowned vehicle and habitually drove it); *Intl. Indem. Co. v. Keith*, 199 Ga. App. 171, 172-173 (1) (404 SE2d 335) (1991) (reversing denial of summary judgment based on policy exclusion for regular use of a furnished nonowned vehicle).

Appellant argues that a material question of fact is raised by the contradiction between Thao's interrogatory responses to the effect that Hannah drove his car "about 4-5 times per week" from "December 17, 2004 to Feb. or March of 2005," and his testimony at the summary judgment hearing that Hannah drove his car through June 2005. Appellant also points to an identical contradiction between Hannah's answers to Allstate's interrogatories, in which she stated that she drove Thao's car only through February or March 2005, and her deposition testimony, in which she testified that she was the principal driver of Thao's car until June 2005.

We conclude that the contradictory testimony does not create a genuine issue of material fact. Under the rule announced in *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 28 (1) (343 SE2d 680) (1986), a party's contradictory testimony is to be construed against him or her on motion for summary judgment unless a reasonable explanation for the contradiction is offered. "The burden rests upon the party giving the contradictory testimony to offer a reasonable explanation, and whether this has been done is an issue of law for the trial judge." Id. at 30 (2). See also *Hallberg v. Flat Creek Animal Clinic*, 225 Ga. App. 212, 214 (1) (483 SE2d 671) (1997).

Here, both Thao and Hannah are parties to the litigation, and neither offered any explanation for the contradictions between their statements that Hannah was the principal driver of Thao's car until February or March 2005, and their statements that Hannah was the principal driver until June 2005. As such, under *Prophecy*, the trial court was to construe the contradiction against Thao and Hannah and therefore take into account only their testimony that Hannah was the principal driver until June 2005. See *Hallberg*, 225 Ga. App. at 214-215 (1) (given a party witness's uncertainty about what caused her fall, her favorable self-contradictory statements were properly excluded on motion for summary judgment). Compare *Travick v. Lee*, 278 Ga. App. 823, 826 (630 SE2d 99) (2006) (the *Prophecy* rule does not apply to witnesses who are not parties). That testimony — combined with Hannah's testimony discussed above reflecting that she continued to be able to take the vehicle for her own use even after June 2005[1] — rendered summary judgment in favor of Allstate appropriate. See *Mattox*, 156 Ga. App. at 657-658; *Intl. Indem. Co.*, 199 Ga. App. at 172-173 (1).

*Judgment affirmed. Ruffin, P. J., and Andrews, J., concur.*

DECIDED JULY 9, 2008.

*David K. May*, for appellant.
*Joshi & Patel, Ambadas B. Joshi*, for appellee.

---

[1] To the extent that this deposition testimony concerning Hannah's use of the vehicle after June 2005 was contradicted by other testimony by Hannah, the *Prophecy* rule likewise required that the contradiction be resolved by interpreting the testimony against her and in favor of Allstate.