709 S.E.2d 565 (2011)
STATE AUTOMOBILE MUTUAL INSURANCE COMPANY
v.
TODD et al.
No. A11A0046.
Court of Appeals of Georgia.
March 4, 2011.
Reconsideration Denied April 11, 2011.
Hawkins, Parnell, Thackston & Young, Brian W. Sprinkle, Atlanta, for appellant.
Gardner & Gardner, Milton F. Gardner, Milledgeville, Martin Snow, Cubbedge Snow, Jr., Chambless, Higdon, Richardson, Katz & Griggs, Jon C. Wolfe, for appellees.
MIKELL, Judge.
While driving her friend Ernest Camden's car, Elizabeth Ann Todd was involved in a collision in Georgia with a car driven by Steve Purvis. Purvis's passenger, Anthony Bonner, sustained injuries in the wreck, and he sued Todd and Purvis. State Automobile Mutual Insurance Company ("State Auto"), Todd's automobile insurance carrier, filed a declaratory judgment action against Todd, Bonner, and Purvis, seeking a ruling that it was not obligated to defend Todd because she regularly used Camden's car, which was not a covered vehicle under the policy. The trial court denied State Auto's motion for summary judgment, and we granted interlocutory review. Finding that the "regular use" exclusion in Todd's policy bars coverage as a matter of law, we reverse.
1. To prevail at summary judgment. . ., the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts . . . warrant judgment as a matter of law. A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient *566 to create a jury issue on at least one essential element of plaintiff's case.[1]
On appeal from an order granting or denying summary judgment, "we conduct a de novo review, construing the evidence and all reasonable conclusions and inferences drawn therefrom in the light most favorable to the nonmovant."[2]
So viewed, the record shows the following. The collision occurred on August 16, 2003. Todd deposed that she had borrowed Camden's car to go on vacation and was driving back to her house in Illinois from a nine-day trip to South Carolina when the collision happened. Todd testified that she was in the midst of a bitter divorce, had been ordered to leave the marital home in September 2002, and began staying with Camden, although she obtained her own place. Todd did not have a vehicle, and Camden allowed her to use his car. Todd testified that Camden had heart trouble and diabetes, so she "was his legs." Todd used his car to run all of his errands; it was a way for her to earn money during the divorce. Todd testified that although Camden did not pay her a salary, he bought her food and other necessities. Camden had two sets of keys to the car and gave one to Todd to use whenever she drove it. In March 2003, Todd's husband gave her a truck pursuant to a court order, but she preferred to drive Camden's car because the truck had mechanical problems and only got six miles to the gallon.
Todd further deposed that at times, she parked the car at her house and drove it when Camden went out of town. Todd testified that when Camden was on the road for work, he might be gone for weeks at a time, and the car "sat at [her] house" for the duration. When asked whether she drove the car daily, Todd replied: "Regularly, but maybe not a daily basis, but regularly."
Todd's policy specifically excluded from liability coverage "[a]ny vehicle, other than `your covered auto,' which is: a. owned by you, or b. furnished or available for your regular use." State Auto argues that the trial court erred in denying its motion for summary judgment because Todd's deposition testimony demonstrates, as a matter of law, that Camden's car was available to her for her regular use and thus excluded from coverage. We agree.
In Mattox v. Cotton States Mut. Ins. Co.,[3] we explained that
the purpose of the . . . non-owned regular use provision is to cover occasional or incidental use of other cars without the payment of an additional premium, but to exclude the habitual use of other cars, which would increase the risk on the insurance company without a corresponding increase of the premium. The covered use is also variously described as "casual" and "infrequent[,]" while the term "regular use" has been held to suggest a principal (though not necessarily exclusive) use as distinguished from a casual or incidental use. Thus the key to the insurer's intention in the use of such clause is its obvious intention to cover only those uses, whether described as occasional, incidental, casual, infrequent or by other similar adjectives, which will not materially increase the insurer's risk without a corresponding and compensating increase.[4]
Following this reasoning, we affirmed the grant of summary judgment to the insurer in Nghiem v. Allstate Ins. Co.[5] because the driver at issue "had unlimited access to the vehicle and could use it for her own personal use as she saw fit."[6] As a result, we held that the insurer had established as a matter of law that the driver "was more than just an incidental user of [her boyfriend's] vehicle during the course of the policy period and materially increased [the insurer's] risk without *567 a corresponding increase in the policy premium."[7]
In Intl. Indem. Co. v. Keith,[8] we reversed the denial of an insurer's motion for summary judgment based on a policy exclusion for regular use of a furnished nonowned vehicle. We found that the undisputed facts showed "that the vehicle was furnished or available to [the insured] for his regular use, and that he regularly used the furnished vehicle."[9] We reach the same result in the case at bar. By her own admission, Todd regularly used Camden's car, which Camden made available to her for her regular use. This is demonstrated by Todd's use of the car to take a nine-day pleasure trip, during which time the collision occurred. Todd's use of the car was not "occasional, incidental, casual or infrequent" within the meaning of Mattox,[10] and the trial court erred in denying summary judgment to State Auto.
1. In his brief, appellee Bonner contends that questions of fact remain on the issue of laches. Bonner asserted in his answer and motion to dismiss that State Auto was guilty of laches due to an unjustifiable delay in bringing the action and in serving him. But the trial court denied Bonner's motion to dismiss, and he has failed to file a cross-appeal. Bonner has thus waived his right to challenge the trial court's ruling on this issue.[11]
Judgment reversed.
SMITH, P.J., and DILLARD, J., concur.
NOTES
[1] (Citation and emphasis omitted.) Lau's Corp. v. Haskins, 261 Ga. 491, 405 S.E.2d 474 (1991).
[2] (Footnote omitted.) Allstate Ins. Co. v. Neal, 304 Ga.App. 267, 696 S.E.2d 103 (2010).
[3] 156 Ga.App. 655, 275 S.E.2d 667 (1980).
[4] (Citations, punctuation and emphasis omitted.) Id. at 657, 275 S.E.2d 667.
[5] 292 Ga.App. 588, 664 S.E.2d 925 (2008).
[6] Id. at 589, 664 S.E.2d 925.
[7] Id. at 590, 664 S.E.2d 925.
[8] 199 Ga.App. 171, 404 S.E.2d 335 (1991).
[9] Id. at 173(1), 404 S.E.2d 335. Compare Allstate Ins. Co. v. Czaplicki, 241 Ga.App. 247, 248, 526 S.E.2d 78 (1999) (physical precedent only) (affirming summary judgment to insured where parties stipulated that driver at issue drove his grandfather's van "only occasionally").
[10] Supra, at 657, 275 S.E.2d 667.
[11] See Ga. Society of Plastic Surgeons v. Anderson, 257 Ga. 710, 711(1), 363 S.E.2d 140 (1987) (as a general rule, appellee must file cross-appeal to preserve enumerations of error concerning adverse rulings); Callahan v. Hall, 302 Ga.App. 886, 887, n. 2, 691 S.E.2d 918 (2010) (same).