**SECOND DIVISION**
**MERCIER, C. J.,**
**MILLER, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 1, 2024**

# In the Court of Appeals of Georgia

A23A1431. SMITH v. SIX FLAGS OVER GEORGIA II, LP.

MILLER, Presiding Judge.

Mattie Smith, the plaintiff in this personal injury action, appeals from the grant of summary judgment to the defendant Six Flags Over Georgia II, LP ("Six Flags"). For the reasons that follow, we affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. On appeal, we review the grant or denial of summary judgment de novo, construing the evidence and all inferences in a light most favorable to the nonmoving party.

(Citations and punctuation omitted.) *Washington v. J.D. Royer Wholesale Florist*, 275 Ga. App. 407 (620 SE2d 626) (2005).

So viewed, the evidence here shows that Six Flags operates an amusement park in Austell, Georgia, which contains a ride called "Up Up and Away." The ride consists of suspended baskets that resemble hot air balloons and rise and move in a circle when the ride is in motion. When the ride is not in motion, the baskets hang approximately seven inches from the ground. There is a natural and minimal swaying of the baskets as guests exit them, but the baskets do not move upwards unless the ride is in operation.

On July 21, 2018, Smith, who had been a season pass holder at the park for multiple years and had previously ridden the ride on multiple occasions, entered the ride. When the ride stopped and a Six Flags employee opened the door to Smith's basket, she stood up, began to exit the basket, and fell to the ground, injuring herself. Shortly thereafter, Smith told Six Flags employees that the basket swayed as she exited.

Smith filed this negligence lawsuit against Six Flags in June 2020, alleging, among other things, that Six Flags employees (1) failed to warn her that the basket

might move while she exited it and (2) prematurely restarted the ride while she was exiting.

At her deposition on April 9, 2021, Smith only recalled one Six Flags employee being present at the ride from the time she entered it until the time she fell, explaining that when the ride finished the employee moved away from the area where she had operated the ride and let Smith out of her basket before letting other guests out. Smith testified that this employee called for other employees to help once she fell. Smith explained that she fell because her basket moved "from left to right." When asked to describe the movement of the basket, Smith said, "The only thing I know, it moved from left to right that's all I know." Smith's acquaintance, who had been on the ride with her, testified via deposition that one Six Flags employee was operating the ride and that Smith fell because the basket swayed. Smith did not testify at her deposition that (1) a Six Flags employee prematurely started the ride while she was exiting the basket, (2) her basket rose around the time of her fall, or (3) she heard any sounds while exiting the basket. After Smith's deposition, Six Flags produced videos of the ride's start-up process, which show that the ride emits a buzzing noise as it begins operating and the baskets move upward.

Six Flags filed a motion for summary judgment, arguing that (1) Smith failed to establish that (a) Six Flags had exposed her to an unreasonable risk of harm, or (b) Six Flags had superior knowledge of any such risk; and (2) Smith was barred from recovering for her injuries under the doctrines of prior traversal and assumption of the risk. Six Flags emphasized that Smith had ridden the ride multiple times before her fall and asserted that the seven-inch step from the basket to the ground and the natural swaying of the basket as riders exited constituted open, obvious, and safe conditions.

Smith was given until December 5, 2022, to respond to the motion for summary judgment. On that day, Smith filed both a response and her own affidavit. Smith pertinently testified in her affidavit that (1) two Six Flags employees were present when the ride stopped, one of whom was standing at the ride operating station, and one of whom was letting riders out of the baskets; (2) as Smith was exiting the basket, she heard the same buzzing noise that is present in the videos of the ride, and when the buzzing commenced the basket began moving more than it had been; (3) within seconds of falling, Smith looked at the basket and noticed that it was at least a foot higher than it had been when the attendant let her out of the basket; and (4) Smith fell

due to the upward movement of the basket. Smith did not attempt to explain in her affidavit why any testimony therein differed from her deposition testimony.

In responding to Six Flags' motion for summary judgment, Smith relied on her affidavit and asserted that Six Flags' arguments were misplaced because the actions of its employee in raising the basket as she exited constituted active negligence, and therefore concepts regarding premises liability and superior knowledge of a hazard were irrelevant.

Faced with Smith's affidavit and response to its summary-judgment motion, Six Flags argued that because the affidavit contradicted Smith's deposition testimony and she had offered no reasonable explanation for the contradictions, the contradictory testimony could not be considered in order to defeat summary judgment. Specifically, Six Flags argued that in her affidavit Smith provided testimony that contradicted her deposition by stating that (1) two Six Flags employees were present when she fell, (2) immediately after falling, she noticed that the basket was at least a foot higher than it should have been, and (3) she heard a buzzing noise as she exited the basket, and when she heard the buzzing the basket began to move more significantly. Six Flags argued

that in the absence of the contradictory affidavit testimony, there was no evidence that the basket rose as Smith was exiting it.

Smith's counsel responded that her affidavit testimony did not contradict her deposition testimony, and she had a reasonable explanation for any contradictions because she had no reason to believe the buzzing noise was significant or to associate it with the movement of her basket until Six Flags produced a video of the ride's start-up process.

Following a hearing, the trial court issued an order granting Six Flags summary judgment. As an initial matter, the court stated that its "primary inquiry" was "whether Six Flags, as the premises owner/occupier, had superior knowledge of an unreasonably dangerous condition and failed to warn Smith of it." Significantly, the court found that "[t]he testimony in [Smith's] affidavit is contradictory to her deposition testimony and alters her previous testimony," and stated that "any contradictory testimony has been excluded and not considered." The court concluded, "[a]fter disregarding the contradictory testimony," that Smith had equal knowledge of the propensity of the basket to move as she exited it and that the allegedly hazardous condition was open and obvious. The court stated that the baskets

sit approximately seven inches off of the ground during loading and unloading and that Smith had ridden the ride many times before she fell. This appeal followed.

1. Smith argues that the trial court erred by granting Six Flags summary judgment when its motion for summary judgment did not address her claims regarding the active negligence of its employees in restarting the ride and raising the basket as she exited.[1] This argument lacks merit.

Six Flags argued in its motion for summary judgment that Smith could not establish that it exposed her to an unreasonable risk of harm or that the ride was unsafe at the time of the incident. While Six Flags did not specifically discuss Smith's allegation in her complaint that Six Flags' employees prematurely restarted the ride as she exited it, Six Flags' arguments encompassed such an allegation. See *Cowart v. Widener*, 287 Ga. 622, 623 (1) (697 SE2d 779) (2010) ("[T]he rule with regard to summary judgment is that a defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case, but may point out by reference to the evidence in the record that there is an absence of evidence to support any essential element of the nonmoving party's case.") (citation and punctuation

---

[1] We have addressed Smith's arguments in a different order than she has presented them on appeal.

omitted). Indeed, when Six Flags filed its motion there was no evidence that the ride had been prematurely restarted, so the motion naturally did not discuss such evidence. And when Smith provided her affidavit claiming that the ride was prematurely restarted, Six Flags promptly addressed that claim and argued that it could not be considered, and Smith was then given the opportunity to respond to Six Flags' argument. Thus, the substance and timing of Six Flags' arguments below provide no basis for reversing the trial court's ruling. See *Giddens v. Med. Center of Central Ga.*, 353 Ga. App. 594, 599 (1) (839 SE2d 31) (2020) (non-movant was not "blindsided" by argument of movant for summary judgment, where the argument was clearly set out in the movant's renewed motion for summary judgment, which was filed before the hearing on the motion).

2. Smith argues that the trial court erred by (a) excluding without specification portions of her affidavit testimony, and (b) failing to consider the explanation for any contradictions between her affidavit testimony and her deposition testimony. Smith, however, has failed to establish any reversible error in these respects.

"The 'self-contradictory testimony rule' has been firmly entrenched in Georgia law for well over a century." *Thompson v. Ezor*, 272 Ga. 849, 851 (1) (536 SE2d 749)

8

(2000). Under this rule,[2] "[t]he testimony of a respondent on summary judgment is to be construed against her where it is self-contradictory, vague, or equivocal." *Anglin v. Harris*, 244 Ga. App. 140, 142 (1) (534 SE2d 874) (2000). Testimony "is contradictory if one part of the testimony asserts or expresses the opposite of another part of the testimony." *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (2) (343 SE2d 680) (1986). "[T]he issue of whether a party-witness's testimony is inconsistent is to be determined, not by individual words or phrases alone, but by the whole impression or effect of what has been said." *Price v. Thapa*, 323 Ga. App. 638, 640 (745 SE2d 311) (2013). Whether the testimony of a party is contradictory "is a question for the [trial] judge to decide." *Prophecy Corp.*, supra, 256 Ga. at 30 (2). "[W]henever the only evidence in support of a claim . . . is the favorable portion of a party's self-contradictory testimony," the other party is entitled to summary judgment. (Citation omitted.) *James v. Ga. Dept. of Public Safety*, 337 Ga. App. 864, 869 (3) (789 SE2d 236) (2016).

---

[2] The rule is also referred to as "the *Prophecy* rule," referring to *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986). See, e.g., *Thompson*, supra, 272 Ga. at 851 (1).

However, "even where testimony is contradictory, if a reasonable explanation is offered for the contradiction, the testimony will not be construed against the party-witness. The burden rests upon *the party* giving the contradictory testimony to offer a reasonable explanation, and whether this has been done is an issue of law for the trial judge." (Emphasis supplied.) *Prophecy Corp.*, supra, 256 Ga. at 30 (2). "[I]f no explanation is given for the conflict in testimony . . . , the trial court must eliminate the favorable portions of the contradictory testimony." (Citation and emphasis omitted.) *Stone v. Dayton Hudson Corp.*, 193 Ga. App. 752, 755 (2) (388 SE2d 909) (1989).

(a) Smith first asserts that the trial court erred in failing to specify what parts of her affidavit testimony it deemed contradictory. We disagree.

While the trial court could have been more explicit in making its findings, it is apparent from the record what portions of Smith's affidavit the court deemed contradictory. Six Flags argued that Smith's affidavit was contradictory in stating that (1) two Six Flags employees were present when she fell, (2) immediately after falling, she noticed that the basket was at least a foot higher than it should have been, and (3) she heard a buzzing noise as she exited the basket, and when she heard the buzzing the basket began to move more significantly. In its order granting Six Flags summary

10

judgment, the court clearly agreed with Six Flags and disregarded any evidence in Smith's affidavit that would show that the ride prematurely restarted or that the basket rose as she exited it. Specifically, the court found that "[t]he testimony in the affidavit is contradictory to [Smith's] deposition testimony," concluded that Smith had equal knowledge of the propensity of the basket to move as she exited it, and stated that the basket was approximately seven inches off of the ground when she exited and that she had previously ridden the ride many times. Thus, it is apparent what portions of the affidavit the court deemed contradictory. See *Cottingham v. Sapp*, 344 Ga. App. 651, 653 (2) (811 SE2d 442) (2018) ("Although the trial court here did not expressly address this issue in his summary judgment order, his ruling in [the defendant's] favor implies that he disregarded [the plaintiff's] allegedly contradictory testimony."); compare *Sikes v. Great Lakes Reinsurance (UK) PLC*, 321 Ga. App. 136, 139 (1) (741 SE2d 263) (2013) (vacating and remanding for the trial court to determine whether the self-contradictory testimony rule applied, where its order was entirely unclear as to whether it made "any direct or express determinations concerning . . . whether [the non-movant on summary judgment] presented contradictory testimony").

Smith also asserts that her deposition testimony and her affidavit testimony were not contradictory as to (i) how many Six Flags employees were at the ride, (ii) whether the basket rose as she exited it, and (iii) whether she heard a buzzing noise as she exited.

(i) Regarding the number of Six Flags employees at the ride, Smith asserts that her statement in her deposition testimony that she only recalled one employee being present related to the time before she entered the ride or while the ride was in operation, while her affidavit testimony stated that two employees were present when the ride finished. We conclude that Smith's testimony was contradictory on this issue. Viewing Smith's deposition in its entirety, it is clear that she testified that there was only one employee present from the time she entered the ride until the time she fell. Smith also indicated at her deposition that apart from her family members and the ride operator, she was not aware of the identities of anyone who witnessed her fall. Thus, the trial court did not err in disregarding Smith's affidavit testimony that two employees were present when she fell.

(ii) Regarding whether the basket rose as she exited it, Smith asserts that she was not asked at her deposition about the location of the basket after her fall and that

her deposition testimony and her affidavit testimony were consistent as to whether she detected the basket rising as she exited.

We conclude that Smith's testimony was contradictory on this issue. Smith stated during her deposition that she fell because her basket moved "from left to right," and that "[t]he only thing" she knew was that the basket moved laterally. Smith claimed in her affidavit that just after her fall she noticed that the basket was at least a foot higher than it had been when the attendant let her out of the basket and that she fell due to the upward movement of the basket.

In *Hallberg v. Flat Creek Animal Clinic, P.C.*, 225 Ga. App. 212, 213 (483 SE2d 671) (1997), the plaintiff testified during her deposition that she fell on a ramp because it was too steep and that she did not try to grab the ramp's handrail. In a subsequent affidavit, the plaintiff stated that she would have used the handrail had it been safe to use and that had she been able to grab a stable handrail her fall would have been avoided. Id. at 213-214. This Court concluded that the plaintiff's testimony regarding the cause of her fall was contradictory and subject to the self-contradictory testimony rule. Id. at 214-215 (1), 215-216 (2) (a). We find *Hallberg* controlling here, because Smith's deposition testimony that her fall was caused by the lateral motion of the

basket was contradicted by her subsequent affidavit testimony that her fall was caused by the basket's upward motion.

(iii) To the extent the trial court found that Smith's affidavit testimony that she heard a buzzing noise as she exited the basket contradicted her deposition testimony, the court appears to have erred because she did not testify in her deposition about the presence or absence of any sounds as she exited. However, as discussed in Division 4 below, even if this affidavit testimony is considered, Six Flags is still entitled to summary judgment because Smith has failed to provide anything other than speculation that the ride was prematurely restarted. Therefore, any error by the trial court in this regard provides no basis for reversal.

(b) Smith asserts that the trial court erred in failing to evaluate the reasons for any contradictions in her testimony and that she provided a reasonable explanation for any contradictions because she only realized that the basket had been moving upward at the time of her fall when she received, after her deposition, the videos from Six Flags depicting the ride's operation. We disagree. The trial court did not evaluate the reasons for the contradictions in Smith's testimony because Smith herself did not offer any explanation for them. Specifically, Smith did not attempt in her affidavit to

offer any explanation regarding her contradictory testimony as to the number of employees present at the ride or her contradictory testimony that the basket rose as she exited.

While Smith's counsel has provided arguments as to how the videos purportedly refreshed her memory, such arguments cannot avoid application of the self-contradictory testimony rule. In *DirecTV, LLC v. White*, 355 Ga. App. 404, 407 (1) n.3 (844 SE2d 289) (2020), this Court emphasized that the party, as opposed to the party's counsel, must offer a reasonable explanation for any contradictions in their testimony. There, we explained that opinions or arguments by a party's counsel that the party was nervous, elderly, and under stress during her deposition, or that the party misspoke, could not be used to overcome the self-contradictory testimony rule. Id.; see also *Prophecy Corp.*, supra, 256 Ga. at 28 (1) ("A party knows what he has sworn. If he has discovered error, it can be explained in his affidavit.") (citation omitted). Similarly, because Smith herself has not offered any explanation for her contradictory testimony as to the number of employees at the ride or the movement of the basket, the trial court did not err in disregarding such testimony. See *Ngheim v. Allstate Ins. Co.*, 292 Ga. App. 588, 591 (664 SE2d 925) (2008) (because the parties

did not offer any explanation for their contradictory testimony, the trial court was required to construe the contradictions against them).

3. Smith argues that the trial court failed to view the evidence in the light most favorable to her as the plaintiff. However, in its order granting Six Flags summary judgment the court specifically noted that it was required to view the facts in the light most favorable to the non-moving party. Indeed, "the trial judge is presumed to know the law and presumed to faithfully and lawfully perform his or her duties. We will not presume the trial court committed error where that fact does not affirmatively appear in the record." (Citation and punctuation omitted.) *Modi v. India-American Cultural Assn., Inc.*, 367 Ga. App. 572, 576 (5) (886 SE2d 378) (2023). Smith has failed to show that the trial court applied the incorrect standard.

4. Smith argues that the trial court erred by granting summary judgment to Six Flags on the basis of equal knowledge because the evidence showed that the basket rose while she exited it and she had not experienced such movement before. We disagree and conclude that, once Smith's contradictory testimony was disregarded, Six Flags was entitled to summary judgment because the evidence failed to show that the basket rose while she exited.

"In order to have a viable negligence action, a plaintiff must satisfy the elements of the tort, namely, the existence of a duty on the part of the defendant, a breach of that duty, causation of the alleged injury, and damages resulting from the alleged breach of the duty." (Citation omitted.) *Elder v. Hayes*, 337 Ga. App. 826, 828-829 (788 SE2d 915) (2016).

> Although questions of causation are generally for the jury, nevertheless, there must be sufficient evidence to create a jury question on the issue of causation. Proof of proximate cause requires a showing of a legally attributable causal connection between the defendant's conduct and the alleged injury. Therefore, the plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. However, a mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to grant summary judgment for the defendant.

(Citations and punctuation omitted.) Id. at 829. "Guesses or speculation which raise merely a conjecture or possibility are not sufficient to create even an inference of fact for consideration on summary judgment." (Citation omitted.) *Hill v. Jackson*, 336 Ga. App. 679, 681 (783 SE2d 719) (2016). Thus, "[w]here the cause of the fall . . . is mere speculation, guess, or conjecture, there is not even a scintilla of evidence to create a

17

material issue of fact for jury determination, because such conjecture has no probative value to create an issue of fact." *Moore v. Teague*, 255 Ga. App. 220, 222 (564 SE2d 817) (2002).

Here, Smith's claim that she fell because the ride was prematurely restarted and the basket rose as she exited it fails to go beyond mere speculation, guess, or conjecture. As discussed in Division 2 above, the trial court properly disregarded Smith's affidavit testimony that when she exited the basket, the basket rose and there were two employees present. After disregarding the affidavit testimony, Smith's deposition testimony remained, including her testimony that she fell because the basket moved laterally and that the one employee who was present was letting guests out of their baskets when she fell and was therefore not near the console that started the ride. In the face of this testimony, Smith's evidence that she heard a buzzing noise associated with the starting of the ride does not afford a reasonable basis for concluding that it is more likely than not that the ride was prematurely restarted. See *Moore*, supra, 255 Ga. App. at 220-221 (where plaintiff assumed that she fell due to a wet floor, but she did not actually know if the floor was wet, the defendant was entitled to summary judgment).

Smith does not challenge the trial court's conclusion that she had equal knowledge of the propensity of the basket to move laterally as she exited it or that the approximately seven-inch drop was an open and obvious hazard. Indeed, given Smith's prior experience on the ride, any such challenge would lack merit, and Six Flags was entitled to summary judgment. See *Cottingham*, supra, 344 Ga. App. at 652-653 (2) (when the plaintiff's contradictory testimony was construed against her, the undisputed evidence showed that her knowledge of the hazard that caused her fall was equal or superior to the defendant's knowledge); *Hallberg*, supra, 225 Ga. App. at 215-216 (2) (a) & (b) (after disregarding the plaintiff's contradictory testimony that an unsafe handrail caused her fall, the defendant was entitled to summary judgment because the plaintiff had previously negotiated the ramp multiple times and the steepness of the ramp was open and obvious to her).

5. Finally, Smith argues that the trial court erred by not striking the affidavit of Six Flags' Rides & Aquatics Manager regarding the operation of the ride because the affidavit was untimely and the manager was not qualified to provide the information stated therein. However, there is no indication that the court considered the affidavit, and even without the affidavit the evidence established the height of the baskets, the

baskets' natural swaying during unloading, and the presence of only one employee who was letting guests out of the baskets when Smith fell. As discussed above in Division 4, such evidence entitled Six Flags to summary judgment. Accordingly, this argument provides no basis for reversal, and for all of the reasons stated above, we affirm the trial court's grant of summary judgment.

*Judgment affirmed. Mercier, C. J., and Hodges, J., concur.*